UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

HOFFMANS TRADE GROUP LLC,

Debtor

Chapter 7
Case No. 13-11662 - REL

---

MARC S. EHRLICH, AS TRUSTEE FOR
HOFFMANS TRADE GROUP LLC,

Plaintiff

v.

MCLANE GLOBAL, JORDAN LACETTI, and
MICHAEL COAKLEY,

Defendants.

ANSWER

Adv. Pro. No. - 15-90038-1

---

  Defendants McLane Global, Jordan Lacetti, and Michael Coakley, by their attorneys Ganz Wolkenbreit & Siegfeld, LLP, for their Answer to Plaintiff's Complaint, respectfully show to the Court and allege as follows:

  1. As to the allegations set forth in paragraphs 1, 2, 3, 11, 12, 13, 14, 68, and 89, of the Complaint, Defendants assert that said allegations are legal conclusions and that no response is necessary, but to the extent a response is necessary, Defendants deny said allegations.

  2. As to the allegations set forth in paragraphs 4, 5, 6, 7, 15, 16, 17, 20, 21, 22, 23, 33, 37, 38, 45, 46, 47, 48, 49, 50, and 117 of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of those allegations.

  3. As to the allegations set forth in paragraphs 8, 25, 26, 27, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 51, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, 64, 65, 66, 69, 70, 71, 72, 73, 75, 76, 77, 78, 79, 81, 82, 83, 84, 85, 87, 88, 90, 91, 92, 94, 95, 96, 97, 98, 100, 101, 102, 103, 105, 106, 107, 108, 109, 110, 111, 113, 114, 115, 118, 119, 120 of the Complaint, Defendants deny the truth of those allegations.

  4. As to the allegations set forth in paragraphs 9, 10, 18, 19, 24, and 34, 35, and 36 of the Complaint, Defendants admit the truth of those allegations.

5. Defendants repeat and reallege every answer to the paragraphs incorporated by reference in paragraphs 52, 58, 67, 74, 80, 86, 93, 99, 104, 112, and 116.

6. Defendants deny each and every allegation not heretofore responded to as set forth above.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7. Plaintiff has failed to state a cause of action against Defendants for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. That any and all acts or omissions Defendants are alleged in the Complaint to have committed which may have been committed by agents or affiliates of Defendants without their knowledge, consent, direction and/or authority were "deminimus" in nature and not serious enough to result in monetary damages in favor of Plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9. That the material factual allegations in Count 2 of the Complaint are redundant of those contained in Count 4 of the Complaint and thus do not support two separate causes of action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. The "Customer Data" alleged to have been taken by Defendants was information readily ascertainable by the public by proper means and thus does not constitute a trade secret.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. The "Customer Data" alleged to have been taken by Defendants was, to the extent Defendants ever acquired said "Customer Data" information that was independently developed by Defendants and not acquired improperly and, therefore, does not constitute a trade secret.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12. Plaintiff/Debtor failed to take reasonable actions to protect what it considered to be trade secret information.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

14. The protection of trade secrets is based partly on equitable considerations and the Debtor's principal owner, Gael Coakley, though his various fraudulent and criminal activities, is guilty of unclean hands barring the relief sought by Plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15. All of the claims against Defendants, but particularly those found in Count I, II, II, III, VII, VIII, IX, X are legally unsupportable because Defendant did not have the required mental state or knowledge to constitute wrongful conduct. Defendants have acted at all times in good faith and without any knowledge of wrongdoing.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16. Some or all of the claims against Defendants are barred by the doctrines of waiver and/or ratification.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

17. Some or all of the claims against Defendants are barred by the doctrine of estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18. With respect to Count VI (Conversion), the property alleged to have been converted is intangible property and, thus, cannot be the subject of a conversion claim.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19. With respect to Count VI (Conversion) a proper demand for the property alleged to have been converted was never made and Plaintiff cannot establish his rightful ownership claim.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20. With respect to Counts VII, VIII, IX, and X, Plaintiff's claims are barred by the documentary evidence which establishes that no "transfer" from the Debtor to the Defendants ever took place.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by the Statute of Limitations.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22. Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

WHEREFORE, Defendants demand judgment dismissing Plaintiffs' Complaint, in its entirety, together with the costs of this action and such other and further relief as to the Court may seem just and proper.

DATED:   August 26, 2015
         Albany, NY                Yours, etc.

                                   GANZ WOLKENBREIT & SIEGFELD LLP

                           By: _____
                                   Conor E. Brownell, Esq.
                                   Ceb@gwlaw.com
                                   Attorneys for all Defendants
                                   Office and Post Office Address
                                   One Columbia Circle
                                   Albany, NY 12203
                                   (518) 869-9500

TO:   DEILY & GLASTETTER, LLP
      Leigh A. Hoffman, Esq.
      Attorneys for Chapter 7 Trustee
      8 Thurlow Terrace
      Albany, NY 12203
      (518) 436-0344
      lhoffman@deilylawfirm.com