UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Hearing Date:  September 28, 2016 |
| | Hearing Time: 9:15 a.m. |
| HOFFMANS TRADE GROUP LLC, | Hearing Place: Albany, New York |
| Debtor | Chapter 7 |
| | Case No. 13-11662-REL |

| | |
|---|---|
| MARC S. EHRLICH, AS TRUSTEE FOR HOFFMANS TRADE GROUP LLC, | |
| Plaintiff | Adv. Pro. No.15-90038 |
| v. | |
| MCLANE GLOBAL, JORDAN LACCETTI, and MICHAEL COAKLEY | |
| Defendants. | |

**TRUSTEE'S MOTION FOR SUMMARY
<u>JUDGMENT PURSUANT TO BANKRUPTCY RULE 7056</u>**

Plaintiff, Marc Ehrlich, Esq., Chapter 7 Trustee for the Estate of the Debtor, Hoffmans Trade Group LLC ("Trustee") submits his Motion for Summary Judgment Pursuant to Bankruptcy Rule 7056 ("Motion") against Defendants, McLane Global ("McLane"); Jordan Laccetti ("Laccetti"); Michael Coakley ("M. Coakley") (collectively "Defendants"), and in support hereof states as follows:

1. Hoffmans Trade Group LLC (the "Debtor") entered bankruptcy through the filing of an involuntary petition on June 28, 2013 (the "Petition Date"), which was amended on July 19, 2013. The Debtor did not contest the involuntary filing, and on August 2, 2013, the Court entered the Order for Relief.

1910048

2. The Trustee was duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate on August 2, 2013. Deily & Glastetter, LLP was retained as special counsel to the Trustee by Order dated December 11, 2013.

3. On January 15, 2014, McLane filed its proof of claim (Claim No. 11-1), asserting a claim against Debtor in the amount of $234,718.11.

4. Trustee initiated this adversary proceeding against Defendants by filing the Complaint on July 31, 2015. (*See* Adv. Doc. No. 1).

5. The Complaint alleges eleven (11) counts against Defendants as follows: (1) equitable subordination against McLane under 11 U.S.C. §§ 510(c) and 105(a); (2) misappropriation of trade secrets against Defendants under New York law; (3) breach of the duty of loyalty against Laccetti and M. Coakley; (4) unfair competition against McLane; (5) unjust enrichment against Defendants; (6) turnover and accounting against Defendants under 11 U.S.C. § 542; (7) conversion against Defendants; (8) fraudulent transfers under 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and (a)(2) and 551; (9) fraudulent transfer against Defendants under 11 U.S.C. §§ 548(a)(1)(B), 550(a)(1) and (a)(2) and 551 (collectively "Counts").

6. Defendants filed their Answer on August 26, 2015. (*See* Adv. Doc. No. 4).

7. The Court held several conferences on this adversary proceeding and, on June 27, 2016, issued its most recent Amended Scheduling Order requiring that all dispositive motions to be filed served and made returnable on or before September 28, 2016.

8. On August 31, 2016, Defendants filed their motion for summary judgment. (*See* Doc. No 15).

9. Trustee submits this Motion, along with the following documents in support hereof:

    (a) Local Rule 7056-1 Statement of Material Facts Not in Dispute dated September 7, 2016 and the attached exhibits;

    (b) Declaration of Leigh Hoffman, Esq. submitted in support, declared on September 7, 2016;

    (c) Memorandum of Law dated September 7, 2016.

10. As detailed in the referenced submissions, Defendants illegal and improper access to the Debtor's customer information, including customer contacts, customer email addresses and customer order preferences, entitled the Trustee to summary judgment against Defendants on each of the Counts.

WHEREFORE, Trustee respectfully requests this Court grant its Motion for Summary Judgment against Defendants as follows: (1) equitable subordination against McLane under 11 U.S.C. §§ 510(c) and 105(a); (2) misappropriation of trade secrets against Defendants under New York law; (3) breach of the duty of loyalty against Laccetti and M. Coakley; (4) unfair competition against McLane; (5) unjust enrichment against Defendants; (6) turnover and accounting against Defendants under 11 U.S.C. § 542; (7) conversion against Defendants; (8) fraudulent transfers under 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and (a)(2) and 551; (9) fraudulent transfer against Defendants under 11 U.S.C. §§ 548(a)(1)(B), 550(a)(1) and (a)(2) and 551; along with money damages flowing therefrom in the amount of at least $644,250: and for any such other and further relief the Court deems just and proper.

Dated:  September 7, 2016

                                      /s/ Leigh A. Hoffman
                                      Leigh A. Hoffman, Esq.
                                      DEILY & GLASTETTER, LLP
                                      *Attorneys for Chapter 7 Trustee*
                                      8 Thurlow Terrace
                                      Albany, New York 12203
                                      Tel:  (518) 436-0344
                                      Fax:  (518) 436-8273
                                      Email:  lhoffman@deilylawfirm.com