UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

HOFFMANS TRADE GROUP LLC,

                       Debtor

Chapter 7
Case No. 13-11662-REL

MARC S. EHRLICH, AS TRUSTEE FOR
HOFFMANS TRADE GROUP LLC,

                       Plaintiff

    v.

MCLANE GLOBAL, JORDAN LACCETTI,
and MICHAEL COAKLEY

                       Defendants.

Adv. Pro. No.15-90038

## DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO BANKRUPTCY RULE 7056

Leigh Hoffman, Esq., declares under the penalty of perjury pursuant to 28 U.S.C. § 1746, the following:

1. I am an attorney admitted to practice law in this Court and am a partner with the law firm of Deily & Glastetter LLP, attorneys for Plaintiff, Marc Ehrlich, as Trustee for Hoffmans Trade Group LLC ("Trustee"), in this action.

2. I make this Declaration in support of Trustee's Motion for Summary Judgment Pursuant to Bankruptcy Rule 7056 seeking summary judgment against Defendants, McLane Global ("McLane"), Jordan Laccetti ("Laccetti") and Michael Coakley ("M. Coakley") (collectively the "Defendants") as follows:  (1) equitable subordination against McLane under 11 U.S.C. §§ 510(c) and 105(a); (2) misappropriation of trade secrets against Defendants under New York law; (3) breach of the duty of loyalty against Laccetti and M. Coakley; (4) unfair competition against McLane;

1909674

(5) unjust enrichment against Defendants; (6) turnover and accounting against Defendants under 11 U.S.C. § 542; (7) conversion against Defendants; (8) fraudulent transfers under 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and (a)(2) and 551; (9) fraudulent transfer against Defendants under 11 U.S.C. §§ 548(a)(1)(B), 550(a)(1) and (a)(2) and 551 (collectively "Counts").

3. As counsel for Trustee I have first-hand knowledge of the facts set forth below or have gained knowledge by a review of the Declarant's law firm's records as kept in the ordinary and normal course of its practice.

4. Hoffmans Trade Group LLC (the "Debtor") entered bankruptcy through the filing of an involuntary petition on June 28, 2013 (the "Petition Date"), which was amended on July 19, 2013. The Debtor did not contest the involuntary filing, and on August 2, 2013, the Court entered the Order for Relief.

5. The Trustee was duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate on August 2, 2013. Deily & Glastetter, LLP was retained as special counsel to the Trustee by Order dated December 11, 2013.

6. On January 15, 2014, McLane filed its proof of claim (Claim No. 11-1), asserting a claim against Debtor in the amount of $234,718.11.

7. Trustee initiated this adversary proceeding against Defendants by filing the Complaint on July 31, 2015. (*See* Adv. Doc. No. 1).

8. Defendants filed their Answer on August 26, 2015. *(See* Adv. Doc. No. 4).

9. The Court held several conferences on this adversary proceeding and, on June 27, 2016, issued its most recent Amended Scheduling Order requiring that all dispositive motions be filed, served and made returnable on or before September 28, 2016. This Motion is therefore timely.

10. On August 31, 2016, Defendants filed their Motion for Summary Judgment. See Doc. No 15. Your Declarant understands that Defendants submitted their Exhibits 1 through 14 (in

1909674

2

support of their summary judgment motion) directly to the Court and Trustee as opposed to filing them on the Court's Docket. (*See* e.g. Doc. No. 15-6). Your Declarant also contacted the Court on September 2, 2016 and was authorized to use any of Exhibits 1 through 14 submitted by Defendants in support of this Motion as opposed to submitting duplicate copies.

11. The following Exhibits were submitted by Defendants in support of their summary judgment motion and will be incorporated herein by reference without re-submission to avoid duplication:

   (a) Exhibit 1 – Adversary Complaint filed on July 31, 2015.

   (b) Exhibit 2 – Defendants' Answer filed on August 26, 2015.

   (c) Exhibit 3 – Deposition transcript of Gael Coakley taken March 8, 2016.

   (d) Exhibit 4 – Deposition transcript of Todd Frease taken March 8, 2016.

   (e) Exhibit 5 – Deposition transcript of Michael Coakley taken March 9, 2016.

   (f) Exhibit 6 – Deposition transcript of Jordan Lacetti taken March 9, 2016.

   (g) Exhibit 7 – Deposition transcript of Michael Julian taken June 9, 2016.

12. In addition to the incorporated Exhibits listed above, the Trustee submits the following additional Exhibits in support of this Motion:

   (a) Exhibit "A"- A true and accurate copy of Todd Frease's email dated April 2, 2013.

   (b) Exhibit "B"- A true and accurate copy of M. Julian's email dated April 24, 2013 together with McLane's Power Point Presentation.

   (c) Exhibit "C"- A true and accurate copy of Laccetti email dated May 2, 2013.

   (d) Exhibit "D"- A true and accurate copy of Laccetti email dated May 7, 2013.

   (e) Exhibit "E"- A true and accurate copy of Laccetti email dated May 7, 2013.

1909674

3

(f) Exhibit "F"- A true and accurate copy of Laccetti response email to HTG customer.

(g) Exhibit "G"- A true and accurate copy of Laccetti email dated May 8, 2013.

(h) Exhibit "H"- A true and accurate copy of Laccetti email to Rick Bullock dated May 6, 2013.

(i) Exhibit ""I- A true and accurate copy of Rick Bullock email to Laccetti dated May 6, 2013.

(j) Exhibit "J"- A true and accurate copy of M. Coakley May 6, 2013 email.

(k) Exhibit "K"- A true and accurate copy of M. Coakley email to Todd Frease dated May 14, 2013.

(l) Exhibit "L"- A true and accurate copy of Laccetti email dated May 15, 2013.

(m) Exhibit "M"- A true and accurate copy of email chain between Todd Frease and M. Coakley dated May 17, 2013.

(n) Exhibit "N"- A true and accurate copy of Rick Bullock's June 1, 2013 email with attachment.

(o) Exhibit "O"- A true and accurate copy of M. Coakley email dated June 1, 2013.

(p) Exhibit "P"- A true and accurate copy of Webb Stickney email dated May 14, 2013.

(q) Exhibit "Q"- A true and accurate copy of M. Coakley May 20, 2013 email.

(r) Exhibit "R" – A true and accurate copy of Trustee's First Request for Production of Documents.

(s) Exhibit "S" – A true and accurate copy of Trustee's First Request for Interrogatories to Defendant McLane Global.

(t) Exhibit "T" – A true and accurate copy of Defendant McLane Global's Response to Plaintiff's First Request for Production of Documents (w/o attachments)[1].

(u) Exhibit "U" – A true and accurate copy of Defendant McLane Global's Response to Plaintiffs First Request for Interrogatories.

(v) Exhibit "V" – A true and accurate copy of Trustee's Second Request for Production of Documents.

(w) Exhibit "W" – A true and accurate copy of Defendant McLane Global's Response to Trustee's Second Request for Production of Documents (w/o attachments).

(x) See footnote 1.

13.   As indicated above, Defendants provided supplemental document responses to Trustee on several occasions (and in accordance with specific requests made at deposition) which are attached above to the extent relied upon in the Motion.

WHEREFORE, Trustee respectfully requests this Court grant its Motion for Summary Judgment against Defendants as follows: (1) equitable subordination against McLane under 11 U.S.C. §§ 510(c) and 105(a); (2) misappropriation of trade secrets against Defendants under New York law; (3) breach of the duty of loyalty against Laccetti and M. Coakley; (4) unfair competition against McLane; (5) unjust enrichment against Defendants; (6) turnover and accounting against Defendants under 11 U.S.C. § 542; (7) conversion against Defendants; (8) fraudulent transfers under 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and (a)(2) and 551; (9) fraudulent transfer against Defendants

---

[1] The parties have exchanged tens of thousands of document. Trustee will attach any documents it relies on that were produced by Defendants in response or supplemental response to Trustee's First or Second Request for Documents as independent Exhibits to avoid inundating the Court with irrelevant documents.

under 11 U.S.C. §§ 548(a)(1)(B), 550(a)(1) and (a)(2) and 551; (10) for judgment in an amount in excess of $644,250.00; and for any such other and further relief the Court deems just and proper.

Dated: September 7, 2016

    /s/ Leigh A. Hoffman
Leigh A. Hoffman, Esq.
DEILY & GLASTETTER, LLP
*Attorneys for Chapter 7 Trustee*
8 Thurlow Terrace
Albany, New York 12203
Tel: (518) 436-0344
Fax: (518) 436-8273
Email: lhoffman@deilylawfirm.com