**EXHIBIT "A"**

**Conor E. Brownell**

| | |
|---|---|
| **From:** | Todd Frease |
| **Sent:** | Tuesday, April 02, 2013 1:55 PM |
| **To:** | Drayton McLane (Drayton.McLane@mclanegroup.com); Webb Stickney (Webb.Stickney@mclaneintel.com) |
| **Cc:** | Denton McLane; Mike Julian |
| **Subject:** | 5:00 Call - Hoffmans |
| **Attachments:** | Hoffmans Overview.docx |

Please see attached on an overview of Hoffmans

**Proposed Transaction** – McLane Global is proposing to acquire only the sales group (Jordan and Michael) and the customer base for a fixed cost plus commission on growth . All receivables, inventory, payables, etc. would be retained with HTG. Salesmen would stay in Albany with full access to McLane Global systems. Details of specific structure:

- Offer of up to $500,000 for present business (he has a credit line with us and we would net the receivables against it before paying)
- A 3 year commitment to a commission on incremental sales over base of 2%
- A non-compete agreement with Gael of 5 years
- 2 year Employment contracts with the salesman with base salaries of $60,000 and included in our incentive program.

Todd Frease | McLane Global | Sr. Vice President, Finance and Logistics
16607 Central Green Blvd, Suite 400 | Houston, TX | 77032
p:(832) 747-2565| f:(281) 210-3296 | c:(713) 859-8762

[MclaneGlobal.com](MclaneGlobal.com) |[LadyLibertyBrands.com](LadyLibertyBrands.com) | [Facebook](Facebook)

 



PLAINTIFF'S
EXHIBIT

3    3/8/16

Hoffmans Trade Group

**Overview** – Hoffmans Trade Group (HTG) is a Sales group located in Albany, New York with the owner (Gael Coakley) and two salesmen (Jordan Lacetti and Michael Coakley – both around 30) started in 2008. HTG buys and sells mainly consumer ready food product to food banks or distributors that sell to food banks and small retail chains.  2012 sales were approximately $7.0 million while 2011 was $5.4 million and 2010 was $2.7 million.  Through March 25, sales were $2.7 million which represents a 66% increase over the prior year (see Exhibit 1 for sales detail).  Gross margins are approximately 6%.  Excluded from these sales, HTG also sells recycled fluff for diapers to manufacturers (this is not part of the acquisition proposal).  All sales transactions are flips – they do not carry inventory.  Our sales to Hoffmans Trade group in 2012 were $2.2 million.

**Profitability** – Please see exhibit 2.  HTG, when viewing the food bank sales only, showed a profit of $12,000 (.2%).  Due to capital restraints, Hoffmans provides net due 2% cash discount terms to most customers (reflected in gross profit and was approximately $100,000 last year) as well as utilizes a factoring company (1.1% base) reflected as a separate line item on the P/L.  Under Exhibit 3, utilizing a base profit/loss with a McLane Global cost structure and 2012 sales shows a profit of approximately $240,000.

**Salesmen** – Jordan and Mike are young, aggressive salesmen with approximately 3 years of experience. They are responsible for all sales and most buying although all contacts were primarily Gael's and he still helps from time to time.  Gael spends most of his time on the recycled fluff. The two salesmen currently make base salary of $60,000 each with incentive.  Per Gael, the incentive is paid under the table and was not reflected on their W-2's.

**Due Diligence** – Sales records for the year were validated to both QuickBooks (their accounting system) and the report detail from their factoring company.  Approximately $500,000 in sales transactions was tested to determine gross profit and validate transactions.  These were tied to invoices (both customer and vendor), the factoring report (show paid) and when available, the bills of lading.  As we are not buying any physical assets – the balance sheet was not reviewed.

**Reasons for Transaction** – For HTG this transaction provides the following:

- Gael very much wants these two salesmen to succeed.  Under their current structure they do not have the capital to grow the business and are under constant restraints to fill customer orders due to cash demands.
- Gael is in his early 60's and would like to start reducing the workday and focus only on the recycled fluff, which is a higher margin sales for him.  He spends quite a bit of time chasing down capital and running the day to day – not selling.  He has indicated a willingness to help continue on the relationships and ensure a smooth transition.
- A payout for the three year growth he has accomplished in the food bank business.

For McLane Global, the transaction provides the following:

- Incremental $5,000,000 in sales and $416,000 in gross profit.
- Two young salesmen with a history of selling from scratch and building business with attractive sales growth.
- Opportunities on new sources for buying.  Gael has sourcing opportunities which we do not have and would be passed along to us.
- An increased customer base in HRDN.
- A presence in the Northeast
- Profitability from the start

**Proposed Transaction** – McLane Global is proposing to acquire only the sales group (Jordan and Michael) and the customer base for a fixed cost plus commission on growth.  All receivables, inventory, payables, etc. would be retained with HTG.  Salesmen would stay in Albany with full access to McLane Global systems.  Details of specific structure:

- Offer of up to $500,000 for present business (he has a credit line with us and we would net the receivables against it before paying)
- A 3 year  commitment to a commission on incremental sales over base of 2%
- A non-compete agreement with Gael of 5 years
- 2 year Employment contracts with the salesman with base salaries of $60,000 and included in our incentive program.

## EXHIBIT 1 – SALES

| Customer | 2012 | | 2013 (through 3/25/2013) | |
|---|---|---|---|---|
| Superior Foods Company | 1,522,024 | 21.7% | 321,596 | 11.9% |
| Mav Sales Inc. | 1,124,448 | 16.0% | 352,978 | 13.1% |
| Gleaners | 1,023,258 | 14.6% | 150,467 | 5.6% |
| Second Harvest Heartland | 581,692 | 8.3% | 120,770 | 4.5% |
| M Fellinger Company | 315,992 | 4.5% | 128,756 | 4.8% |
| Maryland Food Bank | 245,813 | 3.5% | 209,360 | 7.8% |
| Drogueria Medicia Internacional | 228,736 | 3.3% | | 0.0% |
| St. Mary's Food Bank Alliance | 171,569 | 2.4% | 21,492 | 0.8% |
| Global Foods Inc. | 137,547 | 2.0% | 86,932 | 3.2% |
| Long Island Cares | 132,061 | 1.9% | 22,718 | 0.8% |
| Second Harvest FB of Middle Tenn | 130,903 | 1.9% | | 0.0% |
| Cleveland Food Bank | 113,794 | 1.6% | 66,490 | 2.5% |
| Blue Ridge Food Bank | 95,856 | 1.4% | 51,596 | 1.9% |
| La Colonia | 94,500 | 1.3% | | 0.0% |
| North Texas Food Bank | 94,242 | 1.3% | 35,714 | 1.3% |
| Second Harvest Food Bank of Northeast TN | 84,299 | 1.2% | 80,451 | 3.0% |
| Northern Illinois Food Bank | 77,946 | 1.1% | 21,276 | 0.8% |
| Community Food Bank of New Jersey | 76,159 | 1.1% | 35,094 | 1.3% |
| Rhode Island Community Food Bank | 73,065 | 1.0% | 73,485 | 2.7% |
| Central Pennsivania Food Bank | 63,069 | 0.9% | | 0.0% |
| Avers Merchandising | 60,457 | 0.9% | 11,160 | 0.4% |
| Feeding America Southwest Virginia | 52,994 | 0.8% | 33,013 | 1.2% |
| DNS Sales | 50,035 | 0.7% | 28,409 | 1.1% |
| Blue Skies | 44,574 | 0.6% | | 0.0% |
| San Antonio Food Bank | 41,773 | 0.6% | 65,257 | 2.4% |
| Feedin the Valley Food Bank | 39,316 | 0.6% | | 0.0% |
| Roadrunner Food Bank | 38,275 | 0.5% | 17,684 | 0.7% |
| River Bend Food Bank | 36,564 | 0.5% | | 0.0% |
| Mundi Globales | 30,892 | 0.4% | | 0.0% |
| Commodities, Inc. | 28,486 | 0.4% | 95,941 | 3.6% |
| ACO Hardware | 24,978 | 0.4% | | 0.0% |
| Good Shepherd Food Bank | 24,690 | 0.4% | | 0.0% |
| Food Bank of Westchester | 22,921 | 0.3% | 16,443 | 0.6% |
| Grocery Outlet | 20,995 | 0.3% | | 0.0% |
| San Francisco Food Bank | 20,536 | 0.3% | | 0.0% |
| Community Food Bank of Eastern Oklahoma | 18,409 | 0.3% | | 0.0% |
| Bay Area Food Bank | 17,764 | 0.3% | | 0.0% |
| Northwest Arkansas Food Bank | 16,897 | 0.2% | 32,350 | 1.2% |
| Food Bank of Eastern Michigan | 14,454 | 0.2% | 58,294 | 2.2% |
| Gods Pantry Food Bank | 9,258 | 0.1% | | 0.0% |
| The Food Pantries | 6,517 | 0.1% | | 0.0% |
| Second Harvest Food Bank of Northwest NC | 3,767 | 0.1% | | 0.0% |
| Three Square Food Bank | 1,642 | 0.0% | 90,678 | 3.4% |
| Fedding America South Florida | | 0.0% | 23,338 | 0.9% |
| Food Pantries | | 0.0% | 20,160 | 0.7% |
| Gold Star | | 0.0% | 47,740 | 1.8% |
| Harry Chapin Food Bank | | 0.0% | 59,598 | 2.2% |
| Highland Wholesale | | 0.0% | 15,343 | 0.6% |
| Hill Brotehrs Grocery/Salvage | | 0.0% | 43,993 | 1.6% |
| Second Harvest Northern Florida | | 0.0% | 37,075 | 1.4% |
| Silver Dollar Sales | | 0.0% | 48,571 | 1.8% |
| The Greater Boston Food Bank | | 0.0% | 45,000 | 1.7% |
| Wichita Falls Area Food Bank | | 0.0% | 21,161 | 0.8% |
| ASE Industries | | 0.0% | 16,546 | 0.6% |
| Duffco Inc | | 0.0% | 87,121 | 3.2% |
| **Total** | **7,013,162** | **100.0%** | **2,694,048** | **100.0%** |

Hoffmans Trade Group

EXHIBIT 2 – Hoffmans Profit/Loss Statement

### Hoffmans Profit/Loss Statement

| | | |
|---|---:|---:|
| 2012 Sales | 6,942,272 | |
| Gross Profit | 345,948 | 5.0% |
| Wages | 180,000 | 2.6% |
| Payroll Taxes | 16,200 | 0.2% |
| Healthcare | 8,995 | 0.1% |
| Trade/Adv | 3,366 | 0.0% |
| Bank/Factor | 76,365 | 1.1% |
| Insurance | 6,832 | 0.1% |
| Acctg/Legal | 8,888 | 0.1% |
| Office Exp | 5,276 | 0.1% |
| Rent | 4,707 | 0.1% |
| Telephone | 4,770 | 0.1% |
| Travel | 18,921 | 0.3% |
| Net Profit | 11,631 | 0.2% |

EXHIBIT 3 – McLane Global proforma on base sales

| | | |
|---|---:|---:|
| 2012 Sales | 6,942,272 | |
| Gross Profit | 416,536 | 6.0% |
| Wages | 120,000 | 1.7% |
| Payroll Taxes | 10,800 | 0.2% |
| Healthcare | 21,840 | 0.3% |
| Rent | 7,200 | 0.1% |
| Travel | 10,000 | 0.1% |
| Other | 5,000 | 0.1% |
| Net Profit | 241,696 | 3.5% |

**Conor E. Brownell**

| | |
|---|---|
| **From:** | Todd Frease |
| **Sent:** | Tuesday, April 23, 2013 6:18 PM |
| **To:** | Mike Julian |
| **Subject:** | Document1 |
| **Attachments:** | Document1.docx |

HOFFMAN ACQUISITION

- Obtain customer list and 2 salespeople
- Earnout to Gael Coakley over 3 years of 20% gross profit
- 3 year employment  contract for both sales people at annual salary of $60,000/year under our incentive structure
- Non-compete agreement with Gael Coakley and Hoffmans Trade Group for 5 years

EXHIBIT "B"

**Conor E. Brownell**

| | |
|---|---|
| **From:** | Mike Julian |
| **Sent:** | Wednesday, April 24, 2013 6:35 PM |
| **To:** | Todd Frease |
| **Attachments:** | Document1.docx |

Thank you,

Mike

"What we say is what we do"

Michael E. Julian  | McLane Global | Chairman
16607 Central Green Blvd Suite 400 | Houston, TX | 77032
p:(832) 747-2570| f:(281) 210-3296

MclaneGlobal.com |LadyLibertyBrands.com | Facebook

 

1



## HOFFMAN ACQUISITION

### On the table

- Obtain customer list and 2 salespeople
- Earn-out to Gael Coakley over 3 years of 20% gross profit
- 3 year employment  contract and both sales people at annual salary of $60,000/year under our incentive structure
- Non-compete agreement with Gael Coakley, the two sales people and Hoffman Trade Group for 5 years

### Issues

- HTG is running out of money, we believe they will fail to be able to satisfy payables
- McLane Global has $235,000 in receivables down from $300,000. Our plan on the table would be to have Gael pay down our $235,000 by holding back half of the ear- out as it was earned.
- McLane Global might be treated as a preference item if HTG filed for bankruptcy and we would have to pay back the money held to satisfy our receivable.

### Possible solutions

1. We withdraw our offer and sit back and wait hoping to be able to hire the salesmen after the business crashes. Main worry is that one salesman is Gaels son and the other is like a son to Gael. The salesmen may see our withdrawal of our offer as the reason for the business failing and blame us.
2. Instead of buying the business we offer to hire the two salesmen and offer Gael a consulting agreement in which he is compensated by getting a percentage of the gross profit of the accounts he brings to us. In this solution we write off our receivable and off-set the lose by reducing the ear-out to 10% of gross profit. We offer the same employment agreements to the salesman as we outlined in the original proposal and we get the same Non-compete agreements from the salesmen and Gael.



# Advantages for HTG

- Monetize four years of start up work

- Provide Jordan and Michael to further their success and build a lasting career.

- Allow HTG to focus only on the recycled fluff, with a higher margin, less cash intensive business.

- Allows HTG (Gael) to minimize time spent coordinating capital needs and day to day administrative functions.

- To maximize the value of HTG by quantifying the growth and future growth of the food bank business attributed to HTG.

# Factors Determining Value

- By combining HTG and McLane Global Food Bank Business, opportunities for growth are great.

- McLane Global is proposing to acquire a customer list and two salesmen.

- The current business for HTG generates approximately $7 million in sales, but minimal profit (approximately $12,000 annually)

- Incremental profitability for McLane Global is driven by the following:
  - Infusion of capital – savings on financing
  - Reduced OGA expenses compared to HTG
  - Sales growth from Michael and Jordan

- Transaction risk
  - HTG will still exist and salesmen will be located in New York.
  - Although we can establish an employment contract, we have very little means of restricting the salesmen from leaving.

# The Proposal

- McLane Global will pay HTG 20% of gross profit on all of Michael and Jordan's business including any new business for 3 years.

  – Payments on a quarterly basis based on McLane Global fiscal year

- Jordan and Michael will be given $60,000 base salary and included in incentive program (17% commission on gross profit less base) as well as participation on McLane Group benefits program (401(k), healthcare, dental, vision, life)

- Non-compete from Gael Coakley of 5 years

- Employment contract from Jordan and Michael for 3 years and Non-compete of 3 years

# Pro Forma

| | July 1 ---> 2013 | Full year 2014 | Full Year 2015 | ---> June 30 2016 | Total |
|---|---|---|---|---|---|
| Sales | 5,225,000 | 15,650,000 | 21,875,000 | 10,937,500 | 53,687,500 |
| Sales growth | | 49.8% | 39.8% | 0.0% | |
| Gross Profit 6% | 313,500 | 939,000 | 1,312,500 | 656,250 | 3,221,250 |
| Wages | 60,000 | 159,630 | 223,125 | 111,563 | 554,318 |
| Payroll Taxes | 5,400 | 14,367 | 20,081 | 10,041 | 49,889 |
| Healthcare | 10,920 | 23,587 | 25,474 | 13,756 | 73,737 |
| Rent | 4,200 | 8,400 | 8,400 | 4,200 | 25,200 |
| Travel | 5,000 | 12,500 | 15,000 | 8,100 | 40,600 |
| Other | 2,500 | 7,500 | 10,000 | 6,250 | 26,250 |
| Net Profit | 225,480 | 713,016 | 1,010,420 | 502,341 | 2,451,256 |
| Earnout 20% | 62,700 | 187,800 | 262,500 | 131,250 | 644,250 |
| On Gross Profit | | | | | |

| Customer | Product | 2012 | | 2013 | |
|---|---|---|---|---|---|
| Superior Foods Company | Food | 1,522,024 | 21.7% | 321,596 | 11.9% |
| Mav Sales Inc. | Food | 1,124,448 | 16.0% | 352,978 | 13.1% |
| Gleaners | Food | 1,023,258 | 14.6% | 150,467 | 5.6% |
| Second Harvest Heartland | Food | 581,692 | 8.3% | 120,770 | 4.5% |
| M Fellinger Company | Food | 315,992 | 4.5% | 128,756 | 4.8% |
| Maryland Food Bank | Food | 245,813 | 3.5% | 209,360 | 7.8% |
| St. Mary's Food Bank Alliance | Food | 171,569 | 2.4% | 21,492 | 0.8% |
| Global Foods Inc. | Food | 137,547 | 2.0% | 86,932 | 3.2% |
| Long Island Cares | Food | 132,061 | 1.9% | 22,718 | 0.8% |
| Second Harvest FB of Middle Tenn | Food | 130,903 | 1.9% | | 0.0% |
| Cleveland Food Bank | Food | 113,794 | 1.6% | 66,490 | 2.5% |
| Blue Ridge Food Bank | Food | 95,856 | 1.4% | 51,596 | 1.9% |
| North Texas Food Bank | Food | 94,242 | 1.3% | 35,714 | 1.3% |
| Second Harvest Food Bank of Northeast TN | Food | 84,299 | 1.2% | 80,451 | 3.0% |
| Northern Illinois Food Bank | Food | 77,946 | 1.1% | 21,276 | 0.8% |
| Community Food Bank of New Jersey | Food | 76,159 | 1.1% | 35,094 | 1.3% |
| Rhode Island Community Food Bank | Food | 73,065 | 1.0% | 73,485 | 2.7% |
| Central Pennsylvania Food Bank | Food | 63,069 | 0.9% | | 0.0% |
| Avers Merchandising | Food | 60,457 | 0.9% | 11,160 | 0.4% |
| Feeding America Southwest Virginia | Food | 52,994 | 0.8% | 33,013 | 1.2% |
| DNS Sales | Food | 50,035 | 0.7% | 28,409 | 1.1% |
| Blue Skies | Food | 44,574 | 0.6% | | 0.0% |
| San Antonio Food Bank | Food | 41,773 | 0.6% | 65,257 | 2.4% |
| Feedin the Valley Food Bank | Food | 39,316 | 0.6% | | 0.0% |
| Roadrunner Food Bank | Food | 38,275 | 0.5% | 17,684 | 0.7% |
| River Bend Food Bank | Food | 36,564 | 0.5% | | 0.0% |
| Mundi Globales | Food | 30,892 | 0.4% | | 0.0% |
| Commodities, Inc. | Food | 28,486 | 0.4% | 95,941 | 3.6% |
| ACO Hardware | Food | 24,978 | 0.4% | | 0.0% |
| Good Shepherd Food Bank | Food | 24,690 | 0.4% | | 0.0% |
| Food Bank of Westchester | Food | 22,921 | 0.3% | 16,443 | 0.6% |
| Grocery Outlet | Food | 20,995 | 0.3% | | 0.0% |
| San Francisco Food Bank | Food | 20,536 | 0.3% | | 0.0% |
| Community Food Bank of Eastern Oklahoma | Food | 18,409 | 0.3% | | 0.0% |
| Bay Area Food Bank | Food | 17,764 | 0.3% | | 0.0% |
| Northwest Arkansas Food Bank | Food | 16,897 | 0.2% | 32,350 | 1.2% |
| Food Bank of Eastern Michigan | Food | 14,454 | 0.2% | 58,294 | 2.2% |
| Gods Pantry Food Bank | Food | 9,258 | 0.1% | | 0.0% |
| The Food Pantries | Food | 6,517 | 0.1% | | 0.0% |
| Second Harvest Food Bank of Northwest NC | Food | 3,767 | 0.1% | | 0.0% |
| Three Square Food Bank | Food | 1,642 | 0.0% | 90,678 | 3.4% |
| Fedding America South Florida | Food | | 0.0% | 23,338 | 0.9% |
| Food Pantries | Food | | 0.0% | 20,160 | 0.7% |
| Gold Star | Food | | 0.0% | 47,740 | 1.8% |
| Harry Chapin Food Bank | Food | | 0.0% | 59,598 | 2.2% |

| | | | | | |
|---|---|---|---|---|---|
| Highland Wholesale | Food | | 0.0% | 15,343 | 0.6% |
| Hill Brotehrs Grocery/Salvage | Food | | 0.0% | 43,993 | 1.6% |
| Second Harvest Northern Florida | Food | | 0.0% | 37,075 | 1.4% |
| Silver Dollar Sales | Food | | 0.0% | 48,571 | 1.8% |
| The Greater Boston Food Bank | Food | | 0.0% | 45,000 | 1.7% |
| Wichita Falls Area Food Bank | Food | | 0.0% | 21,161 | 0.8% |
| Drogueria Medicia Internacional | Paper | 228,736 | 3.3% | | 0.0% |
| La Colonia | Paper | 94,500 | 1.3% | | 0.0% |
| ASE Industries | Paper | | 0.0% | 16,546 | 0.6% |
| Duffco Inc | Paper | | 0.0% | 87,121 | 3.2% |
| **Total** | | **7,013,162** | **100.0%** | **2,694,048** | **100.0%** |
| | | | | | |
| Spartech Corporation | Raw | 280,355 | 18.4% | 165,529 | 33.1% |
| Paper Recovery Inc. | Raw | 197,118 | 12.9% | | 0.0% |
| Absorbentes Maya S.A. Guatemala | Raw | 191,999 | 12.6% | 93,048 | 18.6% |
| Stein Fibers, LTD | Raw | 187,835 | 12.3% | 49,444 | 9.9% |
| Alpha Trading International | Raw | 158,013 | 10.4% | 67,890 | 13.6% |
| Best Diaper Company | Raw | 94,238 | 6.2% | 25,780 | 5.2% |
| Ramon Arias Paulino | Raw | 90,720 | 6.0% | | 0.0% |
| Distribudora DJ | Raw | 66,538 | 4.4% | | 0.0% |
| Steritech Products | Raw | 55,400 | 3.6% | | 0.0% |
| Representaciones Osiris | Raw | 50,550 | 3.3% | | 0.0% |
| Supremes LLC | Raw | 50,368 | 3.3% | | 0.0% |
| Ultra Poly Inc | Raw | 35,064 | 2.3% | 25,424 | 5.1% |
| Aaron Industries | Raw | 19,760 | 1.3% | | 0.0% |
| Higienicos Modernos SA | Raw | 19,509 | 1.3% | | 0.0% |
| Custom Polymer PET | Raw | 13,427 | 0.9% | 57,396 | 11.5% |
| The Diaper Bank | Raw | 8,400 | 0.6% | | 0.0% |
| Softee Supreme | Raw | 4,500 | 0.3% | | 0.0% |
| R&B Sales | Raw | | 0.0% | 15,288 | 3.1% |
| **Total** | | **1,523,794** | **100.0%** | **499,799** | **100.0%** |

## Proposed Transaction

McLane Global is proposing to acquire the food bank business of the Hoffman Trade Group. We would accomplish this by acquiring the customer list and hiring the two key salesmen who currently generate all of the sales.

## Sale History

Sales for 2009 $1,100,000

Sales for 2010 $2,700,000

Sales for 2011 $6,500,000

Sales for 2012; $6,942,272

Projected 2013; $10,413,408 (based on current run rate)

Projected 2014 $15,620,112 (50% growth)

Projected 2015 $21,871,151 (35% growth)

## Proforma

|  | July 1 ----> 2013 | Full year 2014 | Full Year 2015 |
|---|---|---|---|
| Sales | 5,225,000 | 15,650,000 | 21,875,000 |
| Gross Profit | 313,500 | 939,000 | 1,312,500 |
| Wages | 60,000 | 159,630 | 223,125 |
| Payroll Taxes | 5,400 | 14,367 | 20,081 |
| Healthcare | 10,920 | 23,587 | 25,474 |
| Rent | 4,200 | 8,400 | 8,400 |
| Travel | 5,000 | 12,500 | 15,000 |
| Other | 2,500 | 7,500 | 10,000 |
| Net Profit | 225,480 | 713,016 | 1,010,420 |

## Sale by Geography

### 2012 FOODBANK SALES BY STATE

| State | HTG | McLane Global |
|---|---|---|
| Alabama | | 13,040 |
| Arizona | 209,844 | |
| Arkansas | 16,897 | |
| California | 44,817 | 80,930 |
| Colorado | | 159,153 |
| Georgia | 39,316 | 190,296 |
| Illinois | 114,510 | 404,973 |
| Indiana | 1,023,258 | 175,726 |
| Kentucky | 105,114 | 29,225 |
| Maine | 24,690 | |
| Maryland | 245,813 | |
| Michigan | 1,621,912 | |
| Minnesota | 676,301 | 59,470 |
| Nevada | 139,189 | |
| New Jersey | 76,159 | 59,470 |
| New York | 1,662,043 | 121,271 |
| North Carolina | 3,767 | |
| Ohio | 113,794 | 312,586 |
| Oklahoma | 18,409 | 105,216 |
| Pennsylvania | 400,056 | 55,820 |
| Rhode Island | 73,065 | 58,628 |
| Tennessee | 215,201 | |
| Texas | 136,015 | 1,840,372 |
| Virginia | 52,994 | |
| Grand Total | 7,013,162 | 3,666,176 |

Products sold to Hoffmans from McLane Global:
$2.1 million
Canned Pasta, Vegetables, Fruit and Soup
Jelly, Peanut Butter, Asceptic Milk, Rice,
Mac N Cheese

**EXHIBIT "C"**

**Jessica L. Harriman**

| | |
|---|---|
| **From:** | Jordan Laccetti <jordan.laccetti@gmail.com> |
| **Sent:** | Monday, May 06, 2013 1:53 PM |
| **To:** | Jordan Laccetti |
| **Subject:** | Fwd: Pipeline - Shipped and Outstanding |

---------- Forwarded message ----------
From: **Jordan Laccetti** <jordan.laccetti@gmail.com>
Date: Thu, May 2, 2013 at 1:35 PM
Subject: Pipeline - Shipped and Outstanding
To: Rick Bullock <rick.bullock@mclaneglobal.com>
Cc: Todd Frease <Todd.Frease@mclaneglobal.com>, michaeljcoakley1@gmail.com

Gleaners Food Bank
**650 Cases of Spaghetti - Delivered**
TL of 12oz Pancake Syrup - Scheduled to ship 5/13

Three Square Food Bank
**TL of Jelly and Preserves - Delivered**

Feeding Southwest VA
**1100 cases of Canned Pastas - Should have shipped - need to double check**

Second Harvest Heartland
TL of 12oz Pancake Syrup - Scheduled to deliver week of 5/6

North Oakland Commodities
**3072 cases of Spaghetti Rings - Delivered**
1514 cases of Pear Halves in L/S - Scheduled for CPU week of 5/6
112 case of tuna - Not scheduled for p/u yet

Big Daddy Foods
**Mixed TL of Canned Pastas to Westchester Food Bank - Delivered**

Superior Foods
**TL of Beef Ravioli to Mid OH FB in Grove City, OH - Delivered**

M. Fellinger Co.
**TL of Peaches in L/S - Delivered**
TL of 24oz Pancake Syrup - Scheduled for CPU week of 5/6

Looks like a total of 12 orders of which 7 have shipped (or were supposed to ship).  Please let me know if you have any questions.

Thank you,

Jordan


--

Jordan C. Laccetti
<u>518-330-8185</u> (p)



--

Jordan C. Laccetti

EXHIBIT "D"

## Jessica L. Harriman

| | |
|---|---|
| **From:** | Jordan Laccetti <jlaccetti@hoffmanstrade.com> |
| **Sent:** | Tuesday, May 07, 2013 1:31 PM |
| **To:** | Jordan Laccetti |
| **Subject:** | Fwd: Shelf Stable Milk - Opportunity Buy |
| **Attachments:** | Indulac - Front1.jpg; Indulac - Nutritional Panel1.jpg |

-Jordan

---------- Forwarded message ----------
From: **Jordan Laccetti** <jlaccetti@hoffmanstrade.com>
Date: Tue, Nov 13, 2012 at 4:58 PM
Subject: Shelf Stable Milk - Opportunity Buy
To: John Stottlemyer <John@commodities-inc.com>

I have several loads....this is an amazing price - let me know if you need any other info.

<u>Shelf Stable Milk</u>
2% White
12/32oz per case
75 cases per pallet
1500 cases per TL
best by - 6 mos from production (produced to order)
**$8.95/cs ($.74/unit) FOB Baltimore, MD!**
*pictures of actual product attached*

--
Jordan C. Laccetti
Sales and Sourcing Manager
518-250-5556 (p)
518-250-4054 (f)
www.hoffmanstradegroup.com

EXHIBIT "E"

**Jessica L. Harriman**

| | |
|---|---|
| **From:** | Jordan Laccetti <jlaccetti@hoffmanstrade.com> |
| **Sent:** | Tuesday, May 07, 2013 10:01 AM |
| **To:** | Jordan Laccetti |
| **Subject:** | Fwd: Chance Price UHT - Indulac (Hoffmans Trade) |

Sent from my iPhone

Begin forwarded message:

> **From:** Sonia Gonzalez <sgonzalez@indulacpr.com>
> **Date:** May 7, 2013, 9:56:41 AM EDT
> **To:** Jordan Laccetti <jlaccetti@hoffmanstrade.com>
> **Cc:** Sonia Gonzalez <sgonzalez@indulacpr.com>
> **Subject: Chance Price UHT - Indulac (Hoffmans Trade)**
>
> Hi, Jordan,
>
> Effective today **May 7, 2013 until December 31, 2013** our price to UHT **change at $ 7.96 cases**.
> We need increase the buy of UHT and if possible send us the forecast or future orders for the next month
> (May to December).
> Thanks for all you support and attention.
>
> Regards,
> Sonia González
> Industria Lechera de PR

## Jessica L. Harriman

| | |
|---|---|
| **From:** | Sonia Gonzalez <sgonzalez@indulacpr.com> |
| **Sent:** | Wednesday, May 08, 2013 1:22 PM |
| **To:** | Jordan Laccetti |
| **Subject:** | FW: Chance Price UHT - Indulac - McLane Global |

Jordan:

Send the quote about you request this morning.

Thanks,
Sonia González

-----Original Message-----
From: Oscar Logistics 2 [mailto:oscarlogistics2@oscarlogistics.com]
Sent: Wednesday, May 08, 2013 1:07 PM
To: Sonia Gonzalez
Cc: 'Zaimar Cotto'
Subject: RE: Chance Price UHT - Indulac - McLane Global

Good Afternoon Sonia....

45'HC P/U @ SJU Door to Houston TX Door = $2,995 AI

If you require any additional information please don't hesitate to contact us.

Thanks,

Lisa López
Logistics Manager
OSCAR LOGISTICS, LLC.
Phone: (787) 767-1295 / (787)282-6043
Direct: (787) 764-8119
Fax: (787) 767-0905
email: oscarlogistics2@oscarlogistics.com


-----Original Message-----
From: Sonia Gonzalez [mailto:sgonzalez@indulacpr.com]
Sent: Wednesday, May 08, 2013 9:31 AM
To: Oscar Logistics 2
Cc: Zaimar Cotto
Subject: FW: Chance Price UHT - Indulac - McLane Global
Importance: High

Saludos,

Este es un cliente nuestro que nos está solcitando una cotización para la dirección
marcada, me podrías indicar el costo de fletes. En espera de tu pronta contestación.

Gracias,
Sonia González
Industria Lechera de PR

-----Original Message-----
From: Jordan Laccetti [mailto:Jordan.Laccetti@mclaneglobal.com]

Sent: Wednesday, May 08, 2013 9:27 AM
To: Sonia Gonzalez
Cc: Rick Bullock
Subject: RE: Chance Price UHT - Indulac - McLane Global

Sonia,

Good morning.  Can you please provide a quote for delivered and duty paid into Houston,
TX 77032 both to port as well as to door?  This could be for potentially several
containers.

Door - McLane Global
          16607 Central Green Blvd.
          Houston, TX 77032

Also, I have cc'd McLane's VP of Sales, Rick Bullock,  on this email so
please reply to both of us with the quotes.   We look forward to hearing
from you!

Regards,

Jordan


Jordan C. Laccetti | McLane Global | Sales Associate - Hunger Relief Distribution Network
637 New Loudon Rd. | Latham, NY | 12110
jordan.laccetti@mclaneglobal.com | 518-330-8185 (p)




From: Sonia Gonzalez [sgonzalez@indulacpr.com]
Sent: Tuesday, May 07, 2013 10:28 AM
To: Jordan Laccetti
Subject: RE: Chance Price UHT - Indulac (Hoffmans Trade)

Yes, for all variety export (2%, 1%, Skim & whole Milk)

-----Original Message-----
From: Jordan Laccetti [mailto:Jordan.Laccetti@mclaneglobal.com]
Sent: Tuesday, May 07, 2013 10:26 AM
To: Sonia Gonzalez
Subject: RE: Chance Price UHT - Indulac (Hoffmans Trade)

Sonia - is this for 1%, 2% and skim?


Jordan C. Laccetti | McLane Global | Sales Associate - Hunger Relief Distribution Network
637 New Loudon Rd. | Latham, NY | 12110
jordan.laccetti@mclaneglobal.com | 518-330-8185 (p)

From: Sonia Gonzalez [sgonzalez@indulacpr.com]
Sent: Tuesday, May 07, 2013 10:00 AM
To: Jordan Laccetti
Subject: RE: Chance Price UHT - Indulac (Hoffmans Trade)

Ok. Thanks


From: Jordan Laccetti [mailto:Jordan.Laccetti@mclaneglobal.com]
Sent: Tuesday, May 07, 2013 10:00 AM

To: Sonia Gonzalez
Subject: Re: Chance Price UHT - Indulac (Hoffmans Trade)

Thanks!  Ill be back to you shortly - please note my new email address.
Thanks

Sent from my iPhone

On May 7, 2013, at 9:56 AM, Sonia Gonzalez
<sgonzalez@indulacpr.com<mailto:sgonzalez@indulacpr.com>> wrote:
Hi, Jordan,

Effective today May 7, 2013 until December 31, 2013 our price to UHT change at $ 7.96
cases.
We need increase the buy of UHT and if possible send us the forecast or future orders for
the next month (May to December).
Thanks for all you support and attention.

Regards,
Sonia González
Industria Lechera de PR

EXHIBIT "F"

## Jessica L. Harriman

| | |
|---|---|
| **From:** | Jordan Laccetti |
| **Sent:** | Tuesday, May 07, 2013 10:00 AM |
| **To:** | Sonia Gonzalez |
| **Subject:** | Re: Chance Price UHT - Indulac (Hoffmans Trade) |

Thanks!  Ill be back to you shortly - please note my new email address.  Thanks

Sent from my iPhone

On May 7, 2013, at 9:56 AM, Sonia Gonzalez <sgonzalez@indulacpr.com> wrote:

Hi, Jordan,

Effective today **May 7, 2013 until December 31, 2013** our price to UHT **change at $ 7.96 cases**.
We need increase the buy of UHT and if possible send us the forecast or future orders for the next month
(May to December).
Thanks for all you support and attention.

Regards,
Sonia González
Industria Lechera de PR

**EXHIBIT "G"**

## Jessica L. Harriman

| | |
|---|---|
| **From:** | Jordan Laccetti |
| **Sent:** | Wednesday, May 08, 2013 3:09 PM |
| **To:** | Abigail E. Griffith |
| **Cc:** | Lisbeth Loya |
| **Subject:** | FW: FW: PO-12369 for SO-13174 |
| **Attachments:** | image004.jpg; image005.jpg; image006.jpg; image007.png |

Hi Abby!  I did see that and I think we are all set for now.

Hi Lisbeth - nice to meet you.  Abby is awesome so you are in good hands :)

PS - Abby you sent this email to my old email address. ;)


Jordan C. Laccetti | McLane Global | Sales Associate - Hunger Relief Distribution Network
637 New Loudon Rd. | Latham, NY | 12110
jordan.laccetti@mclaneglobal.com | 518-330-8185 (p)

_____
From: Jordan Laccetti [jlaccetti@hoffmanstrade.com]
Sent: Wednesday, May 08, 2013 3:07 PM
To: Jordan Laccetti
Subject: Fwd: FW: PO-12369 for SO-13174

-Jordan




--------- Forwarded message ----------
From: Abigail E. Griffith
<Abigail.Griffith@mclaneglobal.com<mailto:Abigail.Griffith@mclaneglobal.com>>
Date: Wed, May 8, 2013 at 3:03 PM
Subject: FW: PO-12369 for SO-13174
To: "Jordan - Hoffmans Trade Group
(jlaccetti@hoffmanstrade.com<mailto:jlaccetti@hoffmanstrade.com>)"
<jlaccetti@hoffmanstrade.com<mailto:jlaccetti@hoffmanstrade.com>>
Cc: Lisbeth Loya <Lisbeth.Loya@mclaneglobal.com<mailto:Lisbeth.Loya@mclaneglobal.com>>


Hey Jordan,

Just wanted to make sure you saw this. Is there anything else that you need to schedule?

Also meet lis :) I am training her to be my backup Abby Griffith | McLane Global |
Logistics Assistant - Transportation
16607 Central Green Blvd | Suite 400 | Houston, TX | 77032
p:(832) 747-2576<tel:%28832%29%20747-2576> | f:(281) 754-4116<tel:%28281%29%20754-4116> |
email:
abigail.griffith@mclaneglobal.com<mailto:abigail.griffith@mclaneglobal.com><mailto:abigai
l.griffith@mclaneglobal.com<mailto:abigail.griffith@mclaneglobal.com>>
          McLaneGlobal.com<http://www.mclaneglobal.com/>
|LadyLibertyBrands.com<http://www.ladylibertybrands.com/> |
Facebook<http://www.twitter.com/mclaneglobal>
[cid:image005.jpg@01CE4BD8.08BA76A0][cid:image006.jpg@01CE4BD8.08BA76A0]

[cid:image007.png@01CE4BD8.08BA76A0]

From: Rita Zuboski [mailto:rzuboski@dltdelivers.com<mailto:rzuboski@dltdelivers.com>]
Sent: Wednesday, May 08, 2013 9:37 AM
To: Abigail E. Griffith; Rick Bullock; Mike Schmidt
Cc: Renee Tidmore; Jordan Laccetti; Lisbeth Loya
Subject: RE: PO-12369 for SO-13174

Hi Abby,  Your order will be ready to pick up any time after tomorrow morning.   Please
contact Mike Schmidt to schedule an appointment  (24 hour advance notice is required).
Mike can be reached at
mschmidt@DLTdelivers.com<mailto:mschmidt@DLTdelivers.com<mailto:mschmidt@DLTdelivers.com>
> or by phone at 1-513-250-4429<tel:1-513-250-4429>.

26 pallets
38,480 pounds

Please let me know if you need any additional information.

Thank you for your order!


Rita Zuboski
Project Manager / Customer Service

[cid:image004.jpg@01CE4BD8.08BA76A0]

3965 Virginia Avenue
Cincinnati, OH  45227

(O) 1-513-250-4428<tel:1-513-250-4428>
(F ) 1-513-272-1827<tel:1-513-272-1827>
(C) 1-513-305-4142<tel:1-513-305-4142>
rzuboski@DLTdelivers.com<mailto:rzuboski@DLTdelivers.com<mailto:rzuboski@DLTdelivers.com>
>

Check out our wesite at
www.dltdelivers.com<http://www.dltdelivers.com><http://www.dltdelivers.com/>



From: Abigail E. Griffith
[mailto:Abigail.Griffith@mclaneglobal.com<mailto:Abigail.Griffith@mclaneglobal.com>]<mail
to:[mailto:Abigail.Griffith@mclaneglobal.com<mailto:Abigail.Griffith@mclaneglobal.com>]>
Sent: Monday, May 06, 2013 6:07 PM
To: Rick Bullock; Stuart Schulman; Rita Zuboski
Cc: Renee Tidmore; Jordan Laccetti; Lisbeth Loya
Subject: RE: PO-12369 for SO-13174

Hello,

Please forward all of the necessary pickup information when it is available to you.

Thanks,
Abby Griffith | McLane Global | Logistics Assistant - Transportation
16607 Central Green Blvd | Suite 400 | Houston, TX | 77032
p:(832) 747-2576 | f:(281) 754-4116 | email:
abigail.griffith@mclaneglobal.com<mailto:abigail.griffith@mclaneglobal.com<mailto:abigai
l.griffith@mclaneglobal.com<mailto:abigail.griffith@mclaneglobal.com>>

MclaneGlobal.com<http://www.mclaneglobal.com/>
|LadyLibertyBrands.com<http://www.ladylibertybrands.com/> |
Facebook<http://www.twitter.com/mclaneglobal>
[cid:image005.jpg@01CE4BD8.08BA76A0][cid:image006.jpg@01CE4BD8.08BA76A0]

[cid:image007.png@01CE4BD8.08BA76A0]

From: Rick Bullock
Sent: Monday, May 06, 2013 4:01 PM
To: Stuart Schulman;
rzuboski@dltdelivers.com<mailto:rzuboski@dltdelivers.com><mailto:rzuboski@dltdelivers.com
<mailto:rzuboski@dltdelivers.com>>
Cc: Abigail E. Griffith; Renee Tidmore; Jordan Laccetti
Subject: PO-12369 for SO-13174

Good Afternoon! Please call me with any questions or concerns you may have regarding the
attached information.

Please contact Abby Griffith [
abigail.griffith@mclaneglobal.com<mailto:abigail.griffith@mclaneglobal.com><mailto:abigai
l.griffith@mclaneglobal.com<mailto:abigail.griffith@mclaneglobal.com>> 281-210-3295 Ext
118<tel:281-210-3295%20Ext%20118>] with shipping and/or pickup information.

I appreciate your time, efforts and the opportunity to grow our business together in
2013...................and beyond.

Thanks! :)


Rick Bullock | McLane Global |Vice President of Sales
16607 Central Green Blvd Suite 400 | Houston, TX | 77032
p:(832) 747-2572<tel:%28832%29%20747-2572>| f:(281) 210-3296<tel:%28281%29%20210-3296>

MclaneGlobal.com<http://www.mclaneglobal.com/>
|LadyLibertyBrands.com<http://www.ladylibertybrands.com/> |
Facebook<http://www.twitter.com/mclaneglobal>
[cid:image005.jpg@01CE4BD8.08BA76A0]    [cid:image006.jpg@01CE4BD8.08BA76A0]

3

# EXHIBIT "H"

**Jessica L. Harriman**

| | |
|---|---|
| **From:** | Rick Bullock |
| **Sent:** | Monday, May 06, 2013 4:35 PM |
| **To:** | Jordan Laccetti |
| **Cc:** | Michael Coakley |
| **Subject:** | RE: Opportunity Buys and Featured Products |

I will be looking!


Rick Bullock | McLane Global |Vice President of Sales
16607 Central Green Blvd Suite 400 | Houston, TX | 77032
p:(832) 747-2572| f:(281) 210-3296

            MclaneGlobal.com |LadyLibertyBrands.com | Facebook




-----Original Message-----
From: Jordan Laccetti
Sent: Monday, May 06, 2013 3:19 PM
To: Rick Bullock
Cc: Michael Coakley
Subject: Opportunity Buys and Featured Products

Rick,

After we email the letter to our customers and make phone calls to them we'd like to
return to sending out 1-2 featured items or opportunity buys per day.  I'm thinking the
PB FOB NC could be a good opportunity buy.  Our cost is $13.50 so we'd put it out at
$14.36/cs FOB.  Is that price OK for LTL also?  I was also thinking about putting a push
on the sliced carrots and the mushroom soup.  Let me know what else we can focus on.  The
reason we send out the email blasts is two fold.  The main reason is to try to sell the
product but the ancillary benefit is the "touch".  Just keeping our names in front of
them......often people will respond to these "blasts" with products they are looking for
at that time.

Jordan

EXHIBIT "I"

## Jessica L. Harriman

| | |
|---|---|
| **From:** | Jordan Laccetti |
| **Sent:** | Monday, May 06, 2013 6:25 PM |
| **To:** | Rick Bullock |
| **Subject:** | Re: Items for Broadcast this Week from HRDN |

Thanks Rick - lets discuss in the AM.

Have a good night.


On May 6, 2013, at 6:22 PM, "Rick Bullock" <rick.bullock@mclaneglobal.com> wrote:

> This is what will be broadcast from the office this week [you will note that they are
dated with the day they will be broadcast]................I would like to start including
Michael's and your customers as soon as we can add them to the Broadcast Listing. Please
note that there is "No Gross" on the Peaches.............we are looking to move the inventory.
>
> As we continue to work together.............we will get "in sync" with all the moving pieces.
>
> Thanks! ☺
>
> PS The "No Gross" aspect will need to be a point of discussion with Todd as I believe
you'all will receive a minimum percentage for that type of inventory moved. You will not
be asked to sell for no income for yourselves.
>
> Rick Bullock | McLane Global |Vice President of Sales
> 16607 Central Green Blvd Suite 400 | Houston, TX | 77032
> p:(832) 747-2572| f:(281) 210-3296
>
>              McLaneGlobal.com<http://www.mclaneglobal.com/>
|LadyLibertyBrands.com<http://www.ladylibertybrands.com/> |
Facebook<http://www.twitter.com/mclaneglobal>
> [cid:image001.jpg@01CE4A7E.1844A650]      [cid:image002.jpg@01CE4A7E.1844A650]
>
>
> <Ancla Chunk Light Tuna in Water NFP 12-12-12 Revised 5-9-13.doc>
> <Anne Elise Peach Offer NFP 5-7-13.doc> <image001.jpg> <image002.jpg>

EXHIBIT "J"

**Jessica L. Harriman**

| | |
|---|---|
| **From:** | Michael Coakley |
| **Sent:** | Monday, May 06, 2013 3:43 PM |
| **To:** | bzarembka@rifoodbank.org |
| **Subject:** | Canned Meals |

Bruce,

This will be my email address going forward. If you could please add to your bid list and remove mcoakley@hoffmanstrade.com

Beef Ravioli- $7.20/cs delivered
Spag & Meatballs- $7.20/cs delivered
Spag Rings- $5.85/cs delivered
12/15 oz case pack
192 cases per pallet
3264 cases per TL

Thanks

Mike Coakley
McLane Global

**EXHIBIT "K"**

**Jessica L. Harriman**

| | |
|---|---|
| **From:** | Michael Coakley |
| **Sent:** | Tuesday, May 14, 2013 6:29 PM |
| **To:** | Todd Frease |
| **Cc:** | Jordan Laccetti |
| **Subject:** | Re: $160K in the pipeline!! |

Thanks Todd! We really are psyched to be part of the team. All of our customers are thrilled as well. Good times are ahead.

Mike

Sent from my iPhone

On May 14, 2013, at 6:26 PM, "Todd Frease" <Todd.Frease@mclaneglobal.com> wrote:

<image001.gif>
Great JOB!!!  Good start to the transition – keep it coming!


**Todd Frease | McLane Global | Sr. Vice President, Finance and Logistics**
16607 Central Green Blvd, Suite 400 | Houston, TX | 77032
p:(832) 747-2565| f:(281) 210-3296 | c:(713) 859-8762

MclaneGlobal.com |LadyLibertyBrands.com | Facebook

<image002.jpg>   <image003.jpg>

<image004.png>

1

EXHIBIT "L"

## Jessica L. Harriman

| | |
|---|---|
| **From:** | Jordan Laccetti |
| **Sent:** | Wednesday, May 15, 2013 2:07 PM |
| **To:** | jwherley@kunzler.com |
| **Subject:** | Red Rose Franks |

Hello,

I am no longer with Hoffmans Trade Group and I have joined McLane Global in their Hunger Relief Distribution Network serving food banks across the country. I'd like to confirm the pricing you sent me last month. Please see below and confirm for me. Also, forward any paperwork you need to get McLane Global set up as a customer. Thank you!

Red Rose Franks
16/12oz packs per case
84 day "use by or freeze by" stamped on packages $11.28/cs / $.705 per pack / $.94/lb FOB Lancaster, PA

Please advise current lead time. This is a product we'd like to put a push on given the time of year - thank you :)


Jordan C. Laccetti | McLane Global | Business Development - Hunger Relief Distribution Network
637 New Loudon Rd. | Latham, NY | 12110
jordan.laccetti@mclaneglobal.com | 518-330-8185 (p)

EXHIBIT "M"

**Jessica L. Harriman**

| | |
|---|---|
| **From:** | Michael Coakley |
| **Sent:** | Friday, May 17, 2013 11:00 AM |
| **To:** | Todd Frease |
| **Cc:** | Jordan Laccetti |
| **Subject:** | Re: who can I contact at superior foods |

*Beth A. Meekhof*
Credit Manager | Office Manager
**Superior Foods Company**
**4243 Broadmoor Ave. SE**
**Kentwood MI 49512-3934**
p.  616.541.2155
tf.  800.968.1771
f.   616.698.6297

```
Michael J. Coakley | McLane Global | Sales Associate - Hunger Relief
Distribution Network
637 New Loudon Rd. | Latham, NY | 12110
Michael.coakley@mclaneglobal.com
```

**From:** Todd Frease <Todd.Frease@mclaneglobal.com>
**Date:** Fri, 17 May 2013 09:52:31 -0500
**To:** Jordan Laccetti <Jordan.Laccetti@mclaneglobal.com>, Michael Coakley <michael.coakley@mclaneglobal.com>
**Subject:** who can I contact at superior foods

Is there someone that is best to contact over there?

Todd Frease | McLane Global | Sr. Vice President, Finance and Logistics
16607 Central Green Blvd, Suite 400 | Houston, TX | 77032
p:(832) 747-2565| f:(281) 210-3296 | c:(713) 859-8762

McLaneGlobal.com |LadyLibertyBrands.com | **Facebook**






1

EXHIBIT "N"

**Jessica L. Harriman**

| | |
|---|---|
| **From:** | Rick Bullock |
| **Sent:** | Saturday, June 01, 2013 1:23 PM |
| **To:** | Jordan Laccetti; Michael Coakley |
| **Subject:** | "Old" HTG Orders |
| **Attachments:** | E-7100-A0023172.pdf |

Any way to revive?

Thanks! :-)

Rick Bullock | McLane Global |Vice President of Sales
p:(832) 747-2572| f:(281) 210-3296 |c:(281) 433-5709


-----Original Message-----
From: Scanner@maclaneglobal.com [mailto:Scanner@maclaneglobal.com]
Sent: Saturday, June 01, 2013 7:56 PM
To: Rick Bullock
Subject: E-7100-A0023172 has been scanned


The following document has been scanned on the Fiery and attached to this email:
  E-7100-A0023172.pdf

Hoffmans Trade Group

637 New Loudon Road
Latham, NY 12110

# Purchase Order

| Date | P.O. No. |
|------|----------|
| 3/29/2013 | 16173 |

| Vendor |
|--------|
| McLane Global |
| 16607 Central Green Blvd. |
| Suite 400 |
| Houston, TX 77032 |

| Ship To |
|---------|
| fob Lebanon, PA |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| Instant Mashed Po... | 48/6 oz Instant Mashed Potatoes | 1,560 | 31.20 | 48,672.00 |

please try to expedite this order as much as you can... customer needs it in 4 weeks tops.

| **Total** | **$48,672.00** |
|-----------|-----------------|

Hoffmans Trade Group

637 New Loudon Road
Latham, NY 12110

# Purchase Order

| Date | P.O. No. |
|------|----------|
| 2/8/2013 | 16115 |

| Vendor | Ship To |
|--------|---------|
| McLane Global<br>16607 Central Green Blvd.<br>Suite 400<br>Houston, TX 77032 | fob Houston, TX |

| Item | Description | Qty | Rate | Delivery Date | Amount |
|------|-------------|-----|------|---------------|--------|
| Chicken Noodl... | Chicken Noodle 24/10.5 oz  04182080526D | 1,080 | 11.76 | | 12,700.80 |
| Cream of Mush... | Cream of Mushroom 24/10.5 oz  04182080528Y | 1,080 | 11.16 | | 12,052.80 |

| | Total | $24,753.60 |
|--|-------|-----------|

EXHIBIT "O"

## Jessica L. Harriman

**From:**     Michael Coakley
**Sent:**     Saturday, June 01, 2013 2:39 PM
**To:**       Rick Bullock
**Cc:**       Jordan Laccetti
**Subject:**  Re: "Old" HTG Orders

My original customer for this (second harvest heartland) has removed this item from their
menu. I believe we sold a TL to NJ Community Food Bank and Central PA Food Bank as well.
I will check to see if they have any interest in a reorder.

Mike

Sent from my iPhone

On Jun 1, 2013, at 1:23 PM, "Rick Bullock" <rick.bullock@mclaneglobal.com> wrote:

> Any way to revive?
>
> Thanks! :-)
>
> Rick Bullock | McLane Global |Vice President of Sales
> p:(832) 747-2572| f:(281) 210-3296 |c:(281) 433-5709
>
>
> -----Original Message-----
> From: Scanner@maclaneglobal.com [mailto:Scanner@maclaneglobal.com]
> Sent: Saturday, June 01, 2013 7:56 PM
> To: Rick Bullock
> Subject: E-7100-A0023172 has been scanned
>
>
>
> The following document has been scanned on the Fiery and attached to this email:
>  E-7100-A0023172.pdf
>
> <E-7100-A0023172.pdf>

EXHIBIT "P"

**Conor E. Brownell**

| | |
|---|---|
| **From:** | Mike Julian |
| **Sent:** | Tuesday, May 14, 2013 7:39 PM |
| **To:** | Todd Frease |
| **Subject:** | Re: Hoffman's Transaction |

Where are we on the agreement with Gael?

Thank you,
Mike

"What we say is what we do"
Michael E. Julian  | McLane Global | Chairman
16607 Central Green Blvd Suite 400 | Houston, TX | 77032
p:(832) 747-2570| f:(281) 210-3296

   MclaneGlobal.com |LadyLibertyBrands.com | Facebook

On May 15, 2013, at 6:24 AM, "Todd Frease" <Todd.Frease@mclaneglobal.com> wrote:

> Jordan and Michael started with us last Monday and sales are coming in.  Transition went smoothly and customers seem to be accepting.  They will be here Monday for indoctrination into our systems and meet everyone.   They have $160,000 in open orders and we already shipped about $100K. You here Monday?
>
> Todd Frease | McLane Global | Sr. Vice President, Finance and Logistics
> 16607 Central Green Blvd, Suite 400 | Houston, TX | 77032
> p:(832) 747-2565| f:(281) 210-3296 | c:(713) 859-8762

---

**From:** Webb Stickney [mailto:Webb.Stickney@mclaneintel.com]
**Sent:** Tuesday, May 14, 2013 4:39 PM
**To:** Denton McLane; Todd Frease; Mike Julian
**Subject:** Hoffman's Transaction

Team,

Any update on this?

*Webb Stickney*

Classic Foods, McLane Intel, McLane Logistics

---

CONFIDENTIALITY: This email, and any attachments hereto, are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any



PLAINTIFF'S
EXHIBIT

12  8/8/16

**EXHIBIT "Q"**

## Jessica L. Harriman

| | |
|---|---|
| **From:** | Michael Coakley |
| **Sent:** | Monday, May 20, 2013 4:00 PM |
| **To:** | Brad Timberlake; Jordan Laccetti |
| **Cc:** | Mike Julian; Rick Bullock |
| **Subject:** | RE: e-mail distribution list |
| **Attachments:** | Food Bank Contacts .xls |

Food bank contact list is attached. I exported it from my outlook so it contains all food bank customer emails and some phone numbers. I removed all Texas fb customers a couple weeks ago.

Michael Coakley | McLane Global | Business Development  HRDN
p:(832) 747-2605| f:(281) 210-3296 | c:(518) 694-1268

---

**From:** Brad Timberlake
**Sent:** Monday, May 20, 2013 11:49 AM
**To:** Jordan Laccetti; Michael Coakley
**Cc:** Mike Julian; Rick Bullock
**Subject:** e-mail distribution list

This is the complete list as of Feb...  Hank has scrubbed the list at least once since then and a few names have dropped off - but this is mostly current.

There are a few more columns on the complete list - but this should work for checking to see if we have the correct contact that Mike referenced in our meeting.

"What we say is what we do"

Brad Timberlake | McLane Global
16607 Central Green Blvd Suite 400 | Houston, TX | 77032
p:(214) 697-8484| f:(281) 210-3296

McLaneGlobal.com |LadyLibertyBrands.com | Facebook

PLf    EXHIBIT 14
ID  EVD 6-9-16
Joseph A. Adamkiewicz-Certified Shorthand Reporter

EXHIBIT "R"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

HOFFMANS TRADE GROUP LLC,                    Chapter 7
                                             Case No. 13-11662-REL
                        Debtor

MARC S. EHRLICH, AS TRUSTEE FOR
HOFFMANS TRADE GROUP LLC,

                        Plaintiff            Adv. Pro. No.15-90038

        v.

MCLANE GLOBAL, JORDAN LACETTI,
and MICHAEL COAKLEY

                        Defendants.

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE, that, pursuant to Federal Rule of Civil Procedure 34

made applicable by Bankruptcy Rule 7034, Plaintiff, Marc S. Ehrlich, Chapter 7 Trustee

(hereinafter "Plaintiff" or "Trustee"), by and through his attorneys Deily & Glastetter,

LLP, as Special Counsel on behalf of Trustee, hereby requests and demands that

Defendant, McLane Global (hereinafter "Defendant" or "McLane"), produce and permit

Plaintiff to inspect and copy the documents requested below in accordance with the

Definitions and Instructions herein, at Deily & Glastetter, LLP, 8 Thurlow Terrace,

Albany, New York 12203 within thirty (30) days of the date hereof, or at such other time

and place that may be agreed upon by counsel to the parties.

# I. DEFINITIONS AND INSTRUCTIONS

1.      The instructions, definitions and rules of construction contained are

contained in Fed.Civ.P. 26, made applicable by Bankruptcy Rule 7026 and 7034 and are

incorporated by reference herein.

2.      The term "Complaint" shall mean the Adversary Proceeding dated July

31, 2015.

3.      "Plaintiff" means Marc S. Ehrlich, Chapter 7 Trustee and where

applicable, his officers, directors, employees, partners, corporate parent, subsidiaries or

affiliates.  This definition is not intended to impose discovery obligation on any person

who is not a party to the litigation.

4.      "Defendant" means McLane Global.

5.      "Debtor" or "HTG" means Hoffmans Trade Group LLC. with its principal

place of former business located at 637 Loudon Road, Latham, New York 12110.

6.      "Person" is defined as any natural person or any business, legal or

governmental entity or association.

7.       "Concerning" means relating to, referring to, describing, evidencing or

constituting.

8.      The term "Document" includes, without limiting the generality of its

meaning, all originals (or copies where originals are unavailable) of all handwritten,

mechanically written, typewritten, electronically written, printed, computer-based or

otherwise recorded or graphic matter, however produced or reproduced, whether or not in

existence, of files, contracts, correspondence, telegrams, agreements, letters,

administrative complaints, notes or sound recordings of any type of conversation,

meeting or conference, minutes of directors' or committee meetings, memoranda, inter-

office communications, manuals, employee handbooks, forms, catalogues, brochures,

graphs, charts, studies, analyses, reports, summaries, summaries and results of reviews,

investigations and tests of any matter, statements, jottings, scribblings, announcements,

depositions, affidavits, photographs, tape recordings, video recordings, motion pictures,

evaluations, reviews, medical records, counselings, commendations, statistical records,

ledgers, books of account, vouchers, bank checks, bank statements, audit reports and

other statements, purchase orders, sales records, invoices, receipts, confirmations,

electronic mail or other computer developed, stored or produced data, matter used to

refresh recollection, recorded recollection of events, stenographer's notes and/or the

notebooks, desk and/or other calendars, appointment books, newspaper and/or other

articles, blueprints, account work sheets, diaries or papers similar to any of the foregoing,

however entitled, denominated or described.  A draft or non-identical copy is a separate

document within the meaning of this term.

      9.      With respect to person, to "identify" meant to give, to the extent known

(a) the person's full name; (b) the person's present or last known address; and (c) when

referring to a natural person, additionally, the present or last known place of employment.

Once a person has been identified in accordance with this paragraph, only the name of

that person need be listed in response to subsequent discovery requesting the

identification of that person.

      10.     With respect to documents, to "identify" means to give, to the extent

known, the (a) type of document (e.g., letter, memorandum); (b) date of the document;

(c) author, addressee and recipient of the document'; and (d) general subject matter of the document.

11.    "All" and "each" shall be construed as all and each.

12.    "And" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.    The use of the singular form of any word includes the plural and vice versa.

14.    If you refuse to respond to any interrogatory or document request, or subpart thereof, on the ground of privilege identify with particularity in a privilege log:

      a.    the nature of the privilege, including work product;

      b.    if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked.

      c.    the document subject to the privilege, including the type of document, general subject matter of document, date of document and, where appropriate, the author of the document and any recipients thereto.

15.    All documents and things produced pursuant to these requests shall be labeled and produced on a category-by-category basis as requested herein or as they are kept in the usual course of business. All copies of documents produced instead of the originals shall be legible and collated in the manner the original documents are maintained. Documents to be produced include not only originals of all documents, but

also all drafts and copies of any requested documents, by whatever means maintained,
which bear any marking or other notation or differ in any way from the original.
Documents are to be produced in full in unexpurgated form. Redacted documents will
not constitute compliance with this demand. If any portion of a document is deemed
responsive to the request, the entire document shall be produced, including any and all
attachments thereto.

16.    Unless otherwise indicated, the time period concerning these document
requests is from January 2011 to the present, provided, however, that any document
originating at an earlier date shall be identified and included in the response.

17.    Documents are to be produced in full in unexpurgated form. Redacted
documents will not constitute compliance with this demand. If redaction is made on the
grounds of privilege, comply with No. 14. If any portion of a document is deemed
responsive to the request, the entire document shall be produced, including any and all
attachments thereto.

18.    In the event that any document called for by these requests has been
destroyed, lost, discarded or otherwise disposed of, any such document is to be identified
as completely as possible, including, without limitation, the following information:
topic/subject, date of document, to/from as appropriate, date of disposal, manner of
disposal, reason for disposal, person authorizing the disposal, and the person disposing of
the document.

19.    This demand is intended to include all documents in the possession,
custody or control of defendant or any representative of the defendant wherever located
including documents of HTG in the possession, custody, or control of Defendant.

20.     All documents are to be produced as kept in the ordinary course of business.

21.     These requests are continuing and require further and supplemental production whenever the defendant (including, without limitation, the defendant's attorneys, accountants, bookkeepers, advisors, agents, other service providers, and any others acting on his behalf) locates further responsive documents between the time of the initial production and the time of the trial of this action.

## II. **DOCUMENT REQUESTS**

**REQUEST NO. 1:** Copies all documents in support of Affirmative Defenses.

**REQUEST NO. 2:** A current Curriculum Vitae of any expert witness you intend to use as a witness at the trial of this case.

**REQUEST NO. 3:** Any documents, materials or physical evidence which Defendant contends are relevant or which it intends to introduce at the trial of this action.

**REQUEST NO. 4:** All agreements, including all drafts, and further including all exhibits and materials incorporated therein, relating to the acquisition of the assets HTG

**REQUEST NO. 5:** All correspondence between you and HTG relating in any way to acquisition of the assets or former employees of HTG.

**REQUEST NO. 6:** All correspondence between you and HTG relating in any way to the operations of HTG

**REQUEST NO. 7:**  All reports submitted by HTG to you

**REQUEST NO. 8:**  All agreements between you and HTG, including all exhibits and materials incorporated therein.

**REQUEST NO. 9:**  All documents or reports prepared by you related to HTG, including all exhibits and materials incorporated therein.

**REQUEST NO. 10:**  All correspondence between you and/or Todd Frease and HTG and/or Gael Coakely.

**REQUEST NO. 11:**  All correspondence between you, Todd Frease and Michael Coakely.

**REQUEST NO. 12:**  All correspondence between you, Todd Frease and Jordan Lacetti.

**REQUEST NO. 13:**  All personnel files of Michael Coakley.

**REQUEST NO. 14:**  All personnel files of Jordan Lacetti.

**REQUEST NO. 15:**  All documents, signed or unsigned, between or among any of the defendants, including all exhibits thereto.

**REQUEST NO. 16:** All internally prepared metrics or measures to demonstrate the proficiency, efficiency or increased sales as a result of employee, Michael Coakely's efforts.

**REQUEST NO. 17:** All internally prepared metrics or measures to demonstrate the proficiency, efficiency or increased sales as a result of employee, Jordan Lacetti's efforts.

**REQUEST NO. 18:** All phone records, landline and cellular, showing all phone calls made or attempted between McLane and Michael Coakely during the period from February 1, 2013 up to and including July 31, 2013.

**REQUEST NO. 19:** All phone records, landline and cellular, showing all phone calls made or attempted between McLane and Jordan Lacetti during the period from February 1, 2013 up to and including July 31, 2013.

**REQUEST NO. 20:** All minutes of meetings held by any McLane employee related to HTG or Michael Coakley or Jordan Lacetti.

**REQUEST NO. 21:** All documents evidencing any payments or transfers of funds between McLane and Michael Coakely.

**REQUEST NO. 22:** All documents evidencing any payments or transfers of funds between McLane and Jordan Lacetti.

**REQUEST NO. 23:** Copies of reports evidencing sales volume, revenue, financial statements, trial balances and account receivable and payable reports for all HTG customers, indentified on Exhibit "A" of this demand, for the years 2011, 2012, 2013, 2014, and year to date 2015.

**REQUEST NO. 24:** Copies of any proffered McLane sales or employment contract with Gael Coakley, whether signed or unsigned.

Dated: October 29 2015

Leigh A. Hoffman, Esq.
Deily & Glastetter, LLP
Attorneys for Marc S. Ehrlich
8 Thurlow Terrace
Albany, NY 12203
Tel: (518) 436-0344

# EXHIBIT "S"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

HOFFMANS TRADE GROUP LLC,                        Chapter 7
                                                 Case No. 13-11662-REL
                        Debtor

MARC S. EHRLICH, AS TRUSTEE FOR
HOFFMANS TRADE GROUP LLC,

                                Plaintiff        Adv. Pro. No.15-90038

        v.

MCLANE GLOBAL, JORDAN LACETTI,
and MICHAEL COAKLEY

                        Defendants.

### PLAINTIFF'S FIRST REQUEST FOR
### INTERROGATORIES TO DEFENDANT MCLANE GLOBAL

PURSUANT to Rules 26 and 33 of the Federal Rule of Bankruptcy Procedure, Plaintiff

hereby propounds the following written interrogatories to Defendant McLane Global

(hereinafter "McLane"), to be fully answered separately, in writing and under oath within 30

days of the date of service of these interrogatories.

### INTERROGATORIES

1.      Identify the name and address of each person who may have knowledge of

        the facts, claims and defenses asserted in Defendant's Answer, and for each

        such person provide a brief summary of their knowledge.

2.      Identify all McLane personnel who attended any meeting held by McLane

        where any discussions were held related to Hoffmans Trade Group LLC

        (hereinafter "HTG") or Michael Coakley or Jordan Lacetti prior to July 2013.

3.   Indentify why Todd Frease visited with Hoffmans Trade Group LLC

(hereinafter "HTG") in Latham, New York in or about February 2013.

4.   Indentify why McLane's had any interest in meeting with HTG in or about

Winter/Spring 2013.

5.   Explain what decision was reached regarding acquisition of HTG by McLane

in Winter/Spring 2013.

6.   Explain why and when McLane hired Michael Coakley.

7.   Explain why and when McLane hired Jordan Lacetti.

8.   Explain the details of the job offered by McLane to Gael Coakley in or about

Winter/Spring 2013.

9.   Explain whether any discussions were had between McLane and Gael

Coakley regarding waiving the $234,718.11 debt owed by HTG to McLane.

   a.   Indentify any McLane personnel involved in the decision making or

   conversations had regarding the waiver of this amount.

10.   Explain whether McLane has seen any increase in sales volume or sales

revenue for any of the customers once serviced by HTG, the list is attached

hereto as Confidential Exhibit "A".

11.   Explain whether McLane's is aware that Todd Frease may have indicated to

third parties that "all the I's were dotted and T's were crossed in the

transaction with HTG, all buttoned up".

   a.   Explain what McLane's understands this statement to mean.

Dated: October 2?, 2015

Leigh A. Hoffman, Esq.
Deily & Glastetter, LLP
Attorneys for Marc S. Ehrlich
8 Thurlow Terrace
Albany, NY 12203
Tel: (518) 436-0344

EXHIBIT "T"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

HOFFMANS TRADE GROUP LLC,

    **Debtor**

Chapter 7
Case No. 13-11662 - REL

MARC S. EHRLICH, AS TRUSTEE FOR
HOFFMANS TRADE GROUP LLC,

    **Plaintiff**

Adv. Pro. No. - 15-90038-1

  v.

MCLANE GLOBAL, JORDAN LACETTI, and
MICHAEL COAKLEY,

    **Defendants.**

## DEFENDANT MCLANE GLOBAL'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

  Defendant McLane Global, by and through its attorneys, Ganz Wolkenbreit & Siegfeld, LLP, for its response to Plaintiff's Demand for Production of Documents respectfully responds as follows:

  Defendant rejects the "Definitions and Instruction" located at the beginning of Plaintiff's Demand for Production of Documents and will respond to each request based on a plain meaning of the words utilized in each request.

  Request 1:  Defendant objects to this request as overly broad, ambiguous and burdensome.  Without waiving said objection, Defendant responds as follows: *documents in support of Defendant's affirmative defenses are found in Exhibits 1 through 12.*

  Request 2:  At this time, Defendant is not aware of any expert witness which it would call upon. If at a later time an expert witness is chosen, Defendant will provide Plaintiff with the appropriate disclosure as required by Fed. R. Civ. Pro 26.

Request 3:    Defendant objects to this request as overly broad, ambiguous and burdensome. Without waiving said objection, Defendant responds as follows: *documents in support of Defendant's defenses are found in Exhibits 1 through 12.*

Request 4:    See documents attached hereto as **Exhibit 1**.

Request 5:    See documents attached hereto as **Exhibit 2**.

Request 6:    See documents attached hereto as **Exhibit 3**.

Request 7:    Defendant objects to this request as overly broad, ambiguous and burdensome. Without waiving said objection, Defendant responds as follows: *reports and other documentation submitted by HTG to Defendant as part of the due diligence process are attached hereto as* **Exhibit 4** *and are also included as attachments to various emails sent by HTG to McLane included in Exhibits 2 and 3.*

Request 8:    See documents attached hereto as **Exhibit 1**.

Request 9:    Defendant objects to this request as overly broad, ambiguous and burdensome. Without waiving said objection, Defendant responds as follows: *see documents attached hereto as* **Exhibit 5**.

Request 10:    All correspondence between Todd Frease or other employees of Defendant and Gael Coakley or other members of HTG is provided in Exhibits 2 and 3.

Request 11:    Defendant objects to this request as overly broad, ambiguous, burdensome and likely to produce irrelevant material. Without waiving said objection, Defendant responds as follows: *copies of all correspondence with McLane, Todd Frease and Michael Coakley relating to HTG or Defendants Michael Coakley and Jordan Lacetti's decision to terminate their employment with HTG and obtain employment from McLane are attached hereto as* **Exhibit 6**.

Request 12:    Defendant objects to this request as overly broad, ambiguous, burdensome and likely to produce irrelevant material. Without waiving said objection, Defendant responds as follows: *copies of all correspondence with McLane, Todd Frease and Jordan Lacetti relating to HTG or Defendants Michael Coakley and Jordan Lacetti's decision to terminate their employment with HTG and obtain employment from McLane are attached hereto as* **Exhibit 6**.

Request 13:    See documents attached hereto as **Exhibit 7**.

Request 14:    See documents attached hereto as **Exhibit 8**.

Request 15:    Defendant objects to this request as overly broad, ambiguous, burdensome and likely to produce irrelevant material. Without waiving said objection, Defendant responds as follows: *see documents attached hereto as* **Exhibits 6, 7 and 8**.

Request 16:    See documents attached hereto as **Exhibit 9 - CONFIDENTIAL**.

Request 17:    See documents attached hereto as **Exhibit 10 - CONFIDENTIAL**.

Request 18:    See documents attached hereto as **Exhibit 11**.

Request 19:    See documents attached hereto as **Exhibit 11**.

Request 20:    Defendant objects to this request as overly broad, ambiguous, burdensome and likely to produce irrelevant material. Without waiving said objection, Defendant responds as follows: *Defendant does not have any documents responsive to this request.*

Request 21:    See copies of Michael Coakley's 2013 W2, 2014 W2 and 2015 Wage statement through November 2015 attached as part of **Exhibit 7**. McLane may also have made transfers of money to Michael Coakley for reimbursement of various business expenses incurred during his employment with McLane. Documents evidencing those transfers can be made available upon further request.

Request 22:    See copies of Jordan Lacetti's 2013 W2, 2014 W2 and 2015 Wage statement through November 2015 attached as part of Exhibit 7. McLane may also have made transfers of money to Jordan Lacetti for reimbursement of various business expenses incurred during his employment with McLane. Documents evidencing those transfers can be made available upon further request.

Request 23:    See documents attached hereto as **Exhibit 12 - CONFIDENTIAL**.

Request 24:    See documents attached hereto as **Exhibit 1**.

**DEFENDANT RESERVES THE RIGHT TO SUPPLEMENT THESE RESPONSES.**

DATED:        December 23, 2015

        Albany, NY    Yours, etc.
                GANZ WOLKENBREIT & SIEGFELD LLP

        By: _____
                Conor E. Brownell, Esq
                  Bar Roll # 513716
                Attorneys for Defendants
                Office & PO Address
                1Columbia circle
                Albany, NY 12203
                (518)869-9500
                Ceb@gwlaw.com

TO:    Attorneys for Plaintiffs
       DEILY & GLASTETTER, LLP
       Leigh A. Hoffman, Esq.
       8 Thurlow Terrace
       Albany, NY 12203
       (518) 436-0344
       lhoffman@deilylawfirm.com

# EXHIBIT "U"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

HOFFMANS TRADE GROUP LLC,

Chapter 7
Case No. 13-11662 - REL

        Debtor

MARC S. EHRLICH, AS TRUSTEE FOR
HOFFMANS TRADE GROUP LLC,

        Plaintiff

Adv. Pro. No. - 15-90038-1

    v.

MCLANE GLOBAL, JORDAN LACETTI, and
MICHAEL COAKLEY,

        Defendants.

## DEFENDANT MCLANE GLOBAL'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES

1.  Identify the name and address of each person who may have knowledge of the facts, claims and defenses asserted in Defendant's Answer, and for each such person provide a brief summary of their knowledge.

    **Response:**    **Todd Frease, 16607 Central Green Blvd, Houston, TX, 77032**

                      **Michael Julian, 16607 Central Green Blvd, Houston, TX, 77032**

                      **Denton McLane 16607 Central Green Blvd, Houston, TX, 77032**

                      **Michael Coakley, 16607 Central Green Blvd, Houston, TX, 77032**

                      **Jordan Lacetti, 9 Cover Drive, Saratoga Springs, NY 12866**

        **Todd Frease, Michael Julian and Denton McLane all have knowledge of the acquisition negotiations between HTG and McLane, as well as the decision to hire Michael Coakley and Jordan Lacetti following Gael Coakley's admission to rehab. It is anticipated**

that they will testify that McLane's decision not to acquire HTG was based upon HTG's poor financial condition, as they had acquired and analyzed HTG's customer sales transactions data as part of the due diligence process. They will also testify that Michael Coakley and Jordan Lacetti both terminated their employment with HTG following Gael Coakley's disappearance, and subsequently requested to be employed by McLane. McLane hired both individuals based on their sales experience in the industry. Lastly, they will testify that at no time did McLane ever acquire, either intentionally or unintentionally, any information from HTG that could be considered a trade secret.

Michael Coakley and Jordan Lacetti will testify that they left HTG because Gael Coakley had disappeared and was no longer of sound mind to run the company. They were concerned for their own job security and, therefore, reached out to McLane about possible employment opportunities. They will testify that when they left HTG to go to McLane, they did not take any property, either tangible or intangible, with them. They will further testify that, according to the best of their knowledge, HTG never had any secret processes, formula's, lists, etc. which it protected. All information and knowledge they acquired through their time working at HTG was information and knowledge readily available to all other competitors in the marketplace.

2.   Identify all McLane personnel who attended any meeting held by McLane where any discussions were held related to Hoffmans Trade Group LLC (hereinafter "HTG") or Michael Coakley or Jordan Lacetti prior to July 2013

**Response:    Internal discussions took place between Todd Frease, Denton McLane and Michael Julian.**

3.   Identify why Todd Frease visited with HTG in Latham, New York in or about February 2013.

**Response:    Todd Frease traveled to Latham New York to begin discussions with HTG regarding a possible acquisition as well as to secure collateral from HTG to cover its existing large receivable from HTG.**

4.   Identify why McLane's had any interest in meeting with HTG in or about Winter/Spring 2013.

**Response:    McLane's was interested in potentially acquiring the HTG's business and in securing collateral for HTG's large account receivable with McLane.**

5.   Explain what decision was reached regarding acquisition of HTG by McLane in Winter/Spring 2013.

**Response:    Due to the financial difficulty HTG was encountering during the**

Winter/Spring 2013, including the significant monies which were owed by HTG to McLane and other customers and vendors, McLane decided not to pursue the acquisition of HTG. McLane was aware that HTG was struggling, but its due diligence disclosed that its food bank business was break even at best and, according to McLane's calculations, was losing money when factoring in overhead.

6.     Explain why and when McLane hired Michael Coakley.

    **Response:**     **Michael Coakley was hired by McLane on May 6, 2013. He was hired based upon his prior sales experience.**

7.     Explain why and when McLane hired Jordan Lacetti.

    **Response:**     **Jordan Lacetti was hired by McLane on May 6, 2013. He was hired based upon his prior sales experience.**

8.     Explain the details of the job offered by McLane to Gael Coakley in or about Winter/Spring 2013

    **Response:**     **McLane never offered a job to Gael Coakley as an employee of McLane. McLane and Gael Coakley did discuss Mr. Coakely becoming an independent contractor, but McLane withdrew its offer when it discovered information that one large food bank customer was owed significant sums of money by HTG, and a second food bank customer had pre-paid for product which HTG never delivered. Further, Gael Coakley had made himself unavailable for any further negotiations when he checked into a rehab facility and McLane was told that Gael would not be allowed to conduct business. A copy of the draft independent contractor agreement, which McLane never executed, is attached as Exhibit __ to Defendant's response to Plaintiff's demand for production of documents.**

9.     Explain whether any discussions were had between McLane and Gael Coakley regarding waiving the $234,718.11 debt owed by HTG to McLane.

    **Response:**     **There were never any discussions about McLane waiving the debt owed to it by HTG. McLane and HTG discussed offsetting the debt with commissions earned by Gael Coakley as an independent contractor.**

9a.    Identify any McLane personnel involved in the decision making or conversations had regarding he waiver of this amount.

    **Response:**     **See response to Interrogatory 9.**

10. Explain whether McLane has seen any increase in sales volume or sales revenue for any of the customers once serviced by HTG, the list is attached hereto as Confidential Exhibit "A."

Response: **Defendant objects to the form of the question as vague, not specifically tailored and likely to produce irrelevant information. Without waiving its objection, Defendant responds as follows:** Defendant has identified 46 different customers, which were listed on Confidential Exhibit "A" which Defendant had sold to at some point in time during calendar years 2012, 2013, 2014 and 2015 (through 10/31). McLane's total sales for those years to the customers on the confidential list and including HTG, were as follows 2012 - $5,012,932; 2013 - $5,013,636; 2014 - $5,012,617; and 2015 (thru 10/31) - $4,062,128. A copy of this list is attached as Exhibit __ to Defendant's responses to Plaintiff's demand for production of documents.

:

11. Explain whether McLane's is aware that Todd Frease may have indicated to third parties that "all the I's were dotted and T's were crossed in the transaction with HTG, all buttoned up."

Response: **McLane is not aware of Todd Frease making the above comment to a third party.**

11a. Explain what McLane's understands this statement to mean.

Response: **See response to interrogatory 11.**

## DEFENDANT RESERVES THE RIGHT TO SUPPLEMENT THESE RESPONSES.

DATED:    December 23, 2015

Albany, NY    Yours, etc.
GANZ WOLKENBREIT & SIEGFELD LLP

By: _____
Conor E. Brownell, Esq
Bar Roll # 513716
Attorneys for Defendants
Office & PO Address
1Columbia circle
Albany, NY 12203
(518)869-9500
Ceb@gwlaw.com

TO:    Attorneys for Plaintiffs
DEILY & GLASTETTER, LLP
Leigh A. Hoffman, Esq.
8 Thurlow Terrace
Albany, NY 12203
(518) 436-0344
lhoffman@deilylawfirm.com

### VERIFICATION

STATE OF NEW YORK  )
COUNTY OF ALBANY  ) ss.:

  Conor E. Brownell, being duly sworn, deposes and says that deponent is the attorney of

record for Defendant McLane Global in the above action; deponent has read the foregoing

Response to Interrogatories and knows the contents thereof, the same is true to deponent's own

knowledge based on consultation with Defendant and review of Defendant's records, except as to

matters therein stated to be alleged on information and belief and as to those matters deponent

believes it to be true. This Verification is made by deponent and not by Defendant because

Defendant is not located in Albany County where deponent maintains his law office.

              _____
               Conor E. Brownell

Sworn to before me this
23rd day of ~~November,~~ 2015.
    December

_____
Notary Public

KACELYN MARIE NICHOLS
Notary Public, State of New York
No. 01NI6303922
Qualified in Rensselaer County
Commission Expires May 19, 20__

EXHIBIT "V"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

HOFFMANS TRADE GROUP LLC,                    Chapter 7
                                             Case No. 13-11662-REL

                        Debtor


MARC S. EHRLICH, AS TRUSTEE FOR
HOFFMANS TRADE GROUP LLC,

                        Plaintiff            Adv. Pro. No.15-90038

            v.

MCLANE GLOBAL, JORDAN LACETTI,
and MICHAEL COAKLEY

                        Defendants.


## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE, that, pursuant to Federal Rule of Civil Procedure 34

made applicable by Bankruptcy Rule 7034, Plaintiff, Marc S. Ehrlich, Chapter 7 Trustee

(hereinafter "Plaintiff" or "Trustee"), by and through his attorneys Deily & Glastetter, LLP,

as Special Counsel on behalf of Trustee, hereby requests and demands that Defendant,

McLane Global (hereinafter "Defendant" or "McLane"), produce and permit Plaintiff to

inspect and copy the documents requested below in accordance with the Definitions and

Instructions herein, at Deily & Glastetter, LLP, 8 Thurlow Terrace, Albany, New York

12203 within thirty (30) days of the date hereof, or at such other time and place that may be

agreed upon by counsel to the parties.

## I. DEFINITIONS AND INSTRUCTIONS

1.      The instructions, definitions and rules of construction contained are contained in Fed.Civ.P. 26, made applicable by Bankruptcy Rule 7026 and 7034 and are incorporated by reference herein.

2.      The term "Complaint" shall mean the Adversary Proceeding dated July 31, 2015.

3.      "Plaintiff" means Marc S. Ehrlich, Chapter 7 Trustee and where applicable, his officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose discovery obligation on any person who is not a party to the litigation.

4.      "Defendant" means McLane Global.

5.      "Debtor" or "HTG" means Hoffmans Trade Group LLC. with its principal place of former business located at 637 Loudon Road, Latham, New York 12110.

6.      "Person" is defined as any natural person or any business, legal or governmental entity or association.

7.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

8.      The term "Document" includes, without limiting the generality of its meaning, all originals (or copies where originals are unavailable) of all handwritten, mechanically written, typewritten, electronically written, printed, computer-based or otherwise recorded or graphic matter, however produced or reproduced, whether or not in existence, of files, contracts, correspondence, telegrams, agreements, letters, administrative complaints, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings, memoranda, inter-office communications,

manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analyses, reports, summaries, summaries and results of reviews, investigations and tests of any matter, statements, jottings, scribblings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, evaluations, reviews, medical records, counselings, commendations, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, sales records, invoices, receipts, confirmations, electronic mail or other computer developed, stored or produced data, matter used to refresh recollection, recorded recollection of events, stenographer's notes and/or the notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, account work sheets, diaries or papers similar to any of the foregoing, however entitled, denominated or described. A draft or non-identical copy is a separate document within the meaning of this term.

9.      With respect to person, to "identify" meant to give, to the extent known (a) the person's full name; (b) the person's present or last known address; and (c) when referring to a natural person, additionally, the present or last known place of employment.   Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10.      With respect to documents, to "identify" means to give, to the extent known, the (a) type of document (e.g., letter, memorandum); (b) date of the document; (c) author, addressee and recipient of the document'; and (d) general subject matter of the document.

11.      "All" and "each" shall be construed as all and each.

12.    "And" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.    The use of the singular form of any word includes the plural and vice versa.

14.    If you refuse to respond to any interrogatory or document request, or subpart thereof, on the ground of privilege identify with particularity in a privilege log:

    a.    the nature of the privilege, including work product;

    b.    if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked.

    c.    the document subject to the privilege, including the type of document, general subject matter of document, date of document and, where appropriate, the author of the document and any recipients thereto.

15.    All documents and things produced pursuant to these requests shall be labeled and produced on a category-by-category basis as requested herein or as they are kept in the usual course of business.  All copies of documents produced instead of the originals shall be legible and collated in the manner the original documents are maintained. Documents to be produced include not only originals of all documents, but also all drafts and copies of any requested documents, by whatever means maintained, which bear any marking or other notation or differ in any way from the original.  Documents are to be produced in full in unexpurgated form.  Redacted documents will not constitute compliance with this demand.  If any portion of a document is deemed responsive to the request, the entire document shall be produced, including any and all attachments thereto.

16.    Unless otherwise indicated, the time period concerning these document requests is from January 2011 to the present, provided, however, that any document originating at an earlier date shall be identified and included in the response.

17.    Documents are to be produced in full in unexpurgated form. Redacted documents will not constitute compliance with this demand. If redaction is made on the grounds of privilege, comply with No. 14. If any portion of a document is deemed responsive to the request, the entire document shall be produced, including any and all attachments thereto.

18.    In the event that any document called for by these requests has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: topic/subject, date of document, to/from as appropriate, date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

19.    This demand is intended to include all documents in the possession, custody or control of defendant or any representative of the defendant wherever located including documents of HTG in the possession, custody, or control of Defendant.

20.    All documents are to be produced as kept in the ordinary course of business.

21.    These requests are continuing and require further and supplemental production whenever the defendant (including, without limitation, the defendant's attorneys, accountants, bookkeepers, advisors, agents, other service providers, and any others acting on his behalf) locates further responsive documents between the time of the initial production and the time of the trial of this action.

## II.  DOCUMENT REQUESTS

REQUEST NO. 1:  Any and all emails between any McLane Global employee, staff

member, officer, director, shareholder, board member, former employee, per-diem wage

earner, non-employee contract worker, related in any manner to Hoffmans Trade Group.

Dated: February 9, 2016

_____

Leigh A. Hoffman, Esq.
Deily & Glastetter, LLP
Attorneys for Marc S. Ehrlich
8 Thurlow Terrace
Albany, NY 12203
Tel: (518) 436-0344

**EXHIBIT "W"**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

HOFFMANS TRADE GROUP LLC,                          Chapter 7
                                                    Case No. 13-11662 - REL

            Debtor

MARC S. EHRLICH, AS TRUSTEE FOR
HOFFMANS TRADE GROUP LLC,

                  Plaintiff                        Adv. Pro. No. - 15-90038-1

        v.

MCLANE GLOBAL, JORDAN LACETTI, and
MICHAEL COAKLEY,

                  Defendants.

## DEFENDANT MCLANE GLOBAL'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant McLane Global, by and through its attorneys, Ganz Wolkenbreit & Siegfeld, LLP, for its response to Plaintiff's Demand for Production of Documents respectfully responds as follows:

Defendant rejects the "Definitions and Instruction" located at the beginning of Plaintiff's Demand for Production of Documents and will respond to each request based on a plain meaning of the words utilized in each request.

Request 1:    See documents attached hereto as **Exhibit 1**.

**DEFENDANT RESERVES THE RIGHT TO SUPPLEMENT THESE RESPONSES.**

DATED:        February 12, 2016

        Albany, NY    Yours, etc.
           GANZ WOLKENBREIT & SIEGFELD LLP

      By:  _____
           Conor E. Brownell, Esq
             Bar Roll # 513716
           Attorneys for Defendants
           Office & PO Address
           1Columbia circle
           Albany, NY 12203
           (518)869-9500
           Ceb@gwlaw.com

TO:    Attorneys for Plaintiffs
      DEILY & GLASTETTER, LLP
      Leigh A. Hoffman, Esq.
      8 Thurlow Terrace
      Albany, NY 12203
      (518) 436-0344
      lhoffman@deilylawfirm.com