UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| HOFFMANS TRADE GROUP LLC, | Chapter 7<br>Case No. 13-11662-REL |
| Debtor | |
| MARC S. EHRLICH, AS TRUSTEE FOR<br>HOFFMANS TRADE GROUP LLC, | |
| Plaintiff<br>v. | Adv. Pro. No.15-90038 |
| MCLANE GLOBAL, JORDAN LACCETTI,<br>and MICHAEL COAKLEY | |
| Defendants. | |

**LOCAL RULE 7056-1 RESPONSE TO DEFENDANTS STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO BANKRUPTCY RULE 7056**

Plaintiff, Marc Ehrlich, as Trustee for Hoffmans Trade Group LLC ("Trustee"), by and through his counsel, Deily & Glastetter, LLP, submits this Response to Defendants' Statement of Undisputed Material Facts in support of its Motion for Summary Judgment Pursuant to Bankruptcy Rule 7056 against Trustee and in accordance with Local Rule 7056-1 states as follows:

1. The facts in this case have been fully supplied to this Court by both the Defendants and the Trustee. Rather than re-file unnecessary paperwork and exhibits, the Trustee fully incorporates the Docket 19-2 Trustee's Local Rule 7056 Statement of Material Facts Not in Dispute in Support of Trustee's Motion for Summary Judgment and the supporting exhibits.

2. Further the Trustee only disputes the following statements from Defendants' Local Rule 7056 Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment: 24, 60, 61,62,70,78, 80, 81, each more fully developed below.

3. Despite providing hundreds of thousands of pages of discovery to the Trustee, Defendants have in no way provided any support for the assertions made in paragraph 24 of Defendants' Local Rule 7056 Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment which indicates that "many of the food bank customers that the Debtor sold to were customers the McLane sold to". There is no material objective support for this position and the term "many" is elusive and undefined, and accordingly the Trustee requires proof of this assertion.

4. Defendants' Local Rule 7056 Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment at paragraph 60 is patently false. There is not a genuine issue of material fact in paragraph 60, it is just untrue. McLane was always interested in the customer list of the Debtor and their internal emails demonstrate the customer list as a reason to acquire the Debtor. See Exhibit "A" at p. 6.

5. Defendants' Local Rule 7056 Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment at paragraph 62 is patently false. There is not a genuine issue of material fact in paragraph 62, it is just untrue. Todd Frease testified that the power point presentation financial offer of cash with a pro forma attached for sales projections was provided to Gael Coakley at pp. 55-62.

6. Defendants' Local Rule 7056 Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment at paragraph 70 is patently false. There is not a genuine issue of material fact in paragraph 70, it is just untrue. The Trustee provided numerous occasions where Defendants took property of the Debtor. After they tendered their written resignation, Defendants Lacetti and Michael Coakley each illegally accessed email servers belonging to the Debtor and emailed documents containing proprietary information belonging to the Debtor to themselves and officers of McLane. See Exhibits "C"-"Q".

7.      Defendants' Local Rule 7056 Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment at paragraph 78 is patently false. There is not a genuine issue of material fact in paragraph 78, it is just untrue. The Trustee provided numerous occasions where Defendants took property of the Debtor. After they tendered their written resignation, Defendants Lacetti and Michael Coakley each illegally accessed email servers belonging to the Debtor and emailed documents containing proprietary information belonging to the Debtor to themselves and officers of McLane. See Exhibits "C"-"Q".

8.      Defendants' Local Rule 7056 Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment at paragraph 80 is patently false. There is not a genuine issue of material fact in paragraph 80, it is just untrue. The Trustee provided numerous occasions where Defendants took property of the Debtor. After they tendered their written resignation, Defendants Lacetti and Michael Coakley each illegally accessed email servers belonging to the Debtor and emailed documents containing proprietary information belonging to the Debtor to themselves and officers of McLane. See Exhibits "C"-"Q".

9.      Defendants' Local Rule 7056 Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment at paragraph 81 is patently false. There is not a genuine issue of material fact in paragraph 81, it is just untrue. The Trustee provided numerous occasions where Defendants took property of the Debtor. After they tendered their written resignation, Defendants Lacetti and Michael Coakley each illegally accessed email servers belonging to the Debtor and emailed documents containing proprietary information belonging to the Debtor to themselves and officers of McLane. See Exhibits "C"-"Q".

10. The balance of the assertions in Defendants' Local Rule 7056 Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment are either not disputed or immaterial to the matter before the court.

Dated: October 19, 2016

        /s/ Leigh A. Hoffman
        Leigh A. Hoffman, Esq.
        DEILY & GLASTETTER, LLP
        *Attorneys for Chapter 7 Trustee*
        8 Thurlow Terrace
        Albany, New York 12203
        Tel: (518) 436-0344
        Fax: (518) 436-8273
        Email: lhoffman@deilylawfirm.com