UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Hearing Date: November 16, 2016 |
| | Hearing Time: 9:15 a.m. |
| HOFFMANS TRADE GROUP LLC, | Hearing Place: Albany, New York |
| Debtor | Chapter 7 |
| | Case No. 13-11662-REL |

| | |
|---|---|
| MARC S. EHRLICH, AS TRUSTEE FOR HOFFMANS TRADE GROUP LLC, | |
| Plaintiff | Adv. Pro. No.15-90038 |
| v. | |
| MCLANE GLOBAL, JORDAN LACCETTI, and MICHAEL COAKLEY | |
| Defendants. | |

**TRUSTEE'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO BANKRUPTCY RULE 7056**

Plaintiff, Marc Ehrlich, Esq., Chapter 7 Trustee for the Estate of the Debtor, Hoffmans Trade Group LLC ("Trustee"), submits his Reply in Support of his Motion for Summary Judgment Pursuant to Bankruptcy Rule 7056 ("Motion") against Defendants, McLane Global ("McLane"); Jordan Laccetti ("Laccetti"); and Michael Coakley ("M. Coakley") (collectively "Defendants"), and in support hereof states as follows:

1.  Defendants concede that the Trustee's Motion and supporting exhibits create no questions of fact. (Brownell Aff. at p. 5; ECF Doc. No. 27). Further, and more specifically, Defendants assert that: "In the instant case, the proof in the record, even when considering the email and other documents submitted by the Trustee in support of its motion, does not create a question of fact on any material issue". (Defendants' Memorandum of Law at p. 3; ECF Doc. No. 26). Given that Defendants concede that the emails and other documentary proof do not create

1

triable questions of fact, this Court must grant summary judgment to the Trustee. The documentary evidence establishes, as a matter of law, that Defendants are liable to this Estate for the claims asserted in the Trustee's Complaint.

2. The Defendants submit their affidavits only to explain *"why"*. *Why* they wrongfully accessed HTG emails after terminating their employment with HTG (Laccetti Aff. at pp. 2, 3, 6, and 10 ECF Doc. No. 28; M. Coakley Aff. at p. 6 ECF Doc. No. 30); *why* they used HTG's unique business practices (Laccetti Aff. at p. 7; ECF Doc. No. 28); *why* they contacted HTG vendors and customers (Laccetti Aff. at pp. 4, 5, 8, and 9; ECF Doc 28), (M. Coakley Aff. at p. 3; ECF Doc 30), (Frease Aff. at p. 4; ECF Doc 29); *why* they used HTG customer contact information rather than search on the internet (M. Coakley at p. 4; ECF Doc 30); and *why* they tried to revive HTG sales (M. Coakley Aff. at p. 5; ECF Doc No. 30), (Frease Aff. at ECF Doc No. 29). None of their explanations matter. What matters is that the Defendants' concede they did all of the things listed in the Complaint and demonstrated in the exhibits to the summary judgment motion. Defendants' explanation is not an actual defense to any one of the causes of action asserted by the Trustee.

3. The Defendants would like the Court to see their use of HTG Customer Data as something of a matter of convenience- that they were somehow entitled to. Defendants fail to see that their conceded use of the HTG Customer Data afforded them the competitive advantage that the Trustee has asserted bestowed benefit to M. Coakley, Laccetti and McLane. The Defendants assert that accessing HTG's proprietary data and taking it to their new employer is somehow distinct from the very truth that it supports the allegations the Estate has made against them collectively. There is both harm and foul in their actions.

4. The Trustee has established as a matter of law that the Defendants' conduct warrants equitable subordination; that the Defendants misappropriated trade secrets; that Defendants Laccetti and M. Coakley breached their duty of loyalty to HTG; that Defendants have engaged in unfair

2

competition; that Defendants have been unjustly enriched; that the Defendants should turnover and account for the profits from HTG's Customer Data; that the Defendants converted HTG's Customer Data; that the Defendants receipt of HTG's Customer Data is a fraudulent conveyance avoidable by the Trustee allowing the Estate to recover the value of the Customer Data from McLane.

WHEREFORE, Trustee respectfully requests this Court grant its Motion for Summary Judgment against Defendants as follows: (1) equitable subordination against McLane under 11 U.S.C. §§ 510(c) and 105(a); (2) misappropriation of trade secrets against Defendants under New York law; (3) breach of the duty of loyalty against Laccetti and M. Coakley; (4) unfair competition against McLane; (5) unjust enrichment against Defendants; (6) turnover and accounting against Defendants under 11 U.S.C. § 542; (7) conversion against Defendants; (8) fraudulent transfers under 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and (a)(2) and 551; (9) fraudulent transfer against Defendants under 11 U.S.C. §§ 548(a)(1)(B), 550(a)(1) and (a)(2) and 551; along with money damages flowing therefrom in the amount of at least $644,250: and for any such other and further relief the Court deems just and proper.

Dated: October 26, 2016

/s/ Leigh A. Hoffman
Leigh A. Hoffman, Esq.
DEILY & GLASTETTER, LLP
*Attorneys for Chapter 7 Trustee*
8 Thurlow Terrace
Albany, New York 12203
Tel: (518) 436-0344
Fax: (518) 436-8273
Email: lhoffman@deilylawfirm.com